STATE OF NORTH CAROLINA, ON RELATION OF PETER GILCHRIST, DISTRICT AT-
TORNEY FOR THE 26TH JUDICIAL DISTRICT v. JAMES EVERETT COGDILL

No. 8426SC512

(Filed 2 April 1985)

1. **Nuisance § 10— abatement of public nuisance—statement concerning conviction for solicitation for prostitution**

    In an action to abate a public nuisance created by defendant's operation of a house of prostitution, the trial court did not abuse its discretion in denying defendant's motion for a new trial because counsel for the State said in his opening statement that defendant had been convicted of the crime of soliciting

for prostitution since evidence of defendant's conviction was admissible at trial under G.S. 19-3(b).

**2. Nuisance § 11— abatement of public nuisance—forfeiture of income—adoption of referee's report**

In an action to abate a public nuisance created by defendant's operation of a house of prostitution, the trial court did not err in adopting the referee's report and ordering the forfeiture of the gross income estimated by the referee to have been taken in by the operation of defendant's premises as a nuisance, although the report did not specify what amounts were received from the sale of books and magazines before entry of a preliminary injunction, where defendant had the opportunity to offer evidence as to the amount of gross receipts from the sale of books and magazines but failed to do so, and where defendant did not object to the report and note exceptions as provided in G.S. 1A-1, Rule 53(g)(2).

**3. Nuisance § 10— abatement of public nuisance—admission of prior order**

In an action to abate a public nuisance, an order entered in a prior action perpetually enjoining defendant from operating a nuisance at this same location was admissible to prove the existence of the nuisance and defendant's knowledge, acquiescence and participation therein.

APPEAL by defendant from *Griffin, Judge* and *Saunders, Judge.* Orders and judgments were entered 18 May 1983 and 16 December 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 January 1985.

On 31 January 1983 the State, on relation of Peter Gilchrist, District Attorney for the 26th Judicial District, filed a complaint under G.S. Chapter 19 seeking to have defendant's place of business, known as Adult Center and Blue Reflections, declared a nuisance and perpetually enjoining defendant from operating a public nuisance on the premises. Defendant's business had previously, in 1981, been declared a nuisance and defendant perpetually enjoined from operating a nuisance at that location.

At trial, plaintiff introduced evidence through several Charlotte police officers who testified that they had arrested some of defendant's employees for soliciting for prostitution, and that defendant's place of business had a reputation as being a house of prostitution.

Defendant offered no evidence.

At the close of plaintiff's evidence the trial judge submitted the following issues to the jury:

1. Was a public nuisance as defined by North Carolina General Statute 19-1 conducted on the property known as 4409 North I-85, Charlotte, North Carolina, as alleged in the petition and complaint from late 1978 to date?

Answer: Yes

2. Did the Defendant James Everett Cogdill know of the operation of the public nuisance, or, in the exercise of reasonable diligence should he have known of the operation of the nuisance during the time period stated?

Answer: Yes

Judgment was entered on the verdict on 18 May 1983, ordering that the nuisance known as Adult Center and Blue Reflections be abated, perpetually enjoining defendant from maintaining a nuisance at that location and elsewhere in North Carolina. The judgment also provided that defendant forfeit an amount of money equal to the gross income from the unlawful commercial activity, this money to be shared equally by the City of Charlotte and Mecklenburg County. The trial judge appointed a referee to conduct the accounting pursuant to G.S. 19-6.

The order and judgment based on the referee's report was filed 16 December 1983.

From the entry of each judgment, defendant appealed.

*Paul L. Whitfield, P.A. by Paul L. Whitfield and Thomas H. Ainsworth III for plaintiff appellee.*

*Keith M. Stroud for defendant appellant.*

PARKER, Judge.

[1]  In his first assignment of error defendant contends that the trial court erred in denying his motion for a new trial after counsel for the State, in his opening statement, said defendant had been arrested or convicted of the crime of soliciting for prostitution. Under G.S. 1A-1, Rule 59, a new trial may be granted for, among other reasons, "[a]ny irregularity by which any party was prevented from having a fair trial" and "[m]isconduct of the jury or prevailing party." A trial court's discretionary order, pursuant to Rule 59, for or against a new trial upon any ground may

be reversed on appeal only when abuse of discretion is clearly shown. *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). Evidence of defendant's conviction is admissible at trial under G.S. 19-3(b) which provides, in pertinent part:

[A]n admission or finding of guilt of any person under the criminal laws against lewdness, assignation, prostitution . . . at any such place, is admissible for the purpose of proving the existence of said nuisance, and is evidence of such nuisance and of knowledge of, and of acquiescence and participation therein, on the part of the person charged with maintaining said nuisance.

We find no abuse of discretion; defendant's assignment of error is overruled.

[2]   In his second assignment of error defendant contends that the trial court erred in adopting the referee's report. Defendant argues that the referee's report did not specify what amounts of money were received from sale of books and magazines before entry of the preliminary injunction. Defendant, however, was present at the hearing and had the opportunity to offer evidence as to the amount of gross receipts from the sale of books and magazines. Moreover, defendant did not object to the report and note exceptions as provided in G.S. 1A-1, Rule 53(g)(2). In the absence of exceptions to the factual findings of the referee, the findings are conclusive, and where no exceptions are filed the case is to be determined upon the referee's findings. *State of North Carolina, on Relation of Peter Gilchrist v. Hurley*, 48 N.C. App. 433, 269 S.E. 2d 646 (1980), *review denied*, 301 N.C. 720, 274 S.E. 2d 233 (1981). Defendant's assignment of error is overruled.

[3]   In his last assignment of error defendant contends that the trial court erred in allowing the clerk of superior court to read the pleadings and orders from a prior case to the jury. The pleadings and orders read to the jury consisted of an earlier nuisance action against defendant, in which he was perpetually enjoined from operating a nuisance at this same location, and the violation of which resulted in the case *sub judice*. Under G.S. 19-3(b) the prior order was admissible for the purpose of proving the existence of the nuisance and defendant's knowledge, acquiescence and participation.

For the reasons stated, we find

No error.

Judges ARNOLD and WELLS concur.