## E. R. BRINK v. A. R BLACK.

The decision of a Judge, presiding on a trial in the Superior Court, that a verdict of the jury is or is not against the weight of evidence, cannot be reviewed by the Supreme Court.

(The cases of *Vest* v. *Cooper*, 68 N. C. Rep. 182; and *Watts* v. *Bell*, 71 N. C. Rep. 405, cited and approved.)

CIVIL ACTION for damages, tried at December (Special) Term, 1875, of the Superior Court of NEW HANOVER county, his Honor, Judge *Henry* presiding.

As the case is decided in this court upon a single point of law, it is deemed unnecessary to state all the facts as disclosed by the record.

There was a verdict in favor of the defendant; whereupon the plaintiff moved the court for a new trial, upon the ground that the verdict was contrary to the weight of the evidence.

Upon the hearing, the motion was allowed, and thereupon the defendant appealed.

*A. T. & J. London*, for appellant.
*W. S. & D. J. Devane*, contra.

READE, J. The defendant had a verdict, and the Judge set it aside and granted a new trial; because in his opinion, it was against the weight of the evidence. The defendant appealed, and the only question is, can we review his Honor's order. We have so often said that we cannot, that it is a matter of some surprise that we should have the question presented again.

When a Judge presiding at a trial below, grants, or refuses to grant, a new trial because of some question of "law or legal inference" which he decides, and either party is dissatisfied with his decision of that matter of law or legal inference, his decision may be appealed from, and we may review it.

But when he is of the opinion that, considering the number of witnesses, their intelligence, their opportunity of knowing the truth, their character, their behavior on the examination, and all the circumstances on both sides, the weight of the evidence is clearly on one side, how is it practicable that we can review it, unless we had the same advantages? And even if we had, we cannot try facts. *Vest* v. *Cooper*, 68 N. C. Rep., 132; *Watts* v. *Bell*, 71 N. C. Rep., 405. And see, also, other cases cited in briefs of counsel on both sides, in which, when well considered, there is no conflict.

There is no error. This will be certified.

PER CURIAM.                         Judgment affirmed.