W. D. GOLDSTON, JR., ADMINISTRATOR OF THE ESTATE OF RICHARD GOLDSTON, DECEASED v. CHARLES EDWIN WRIGHT.

(Filed 23 May 1962.)

**1. Appeal and Error § 46; Trial § 48—**

The action of the trial court in setting aside the verdict in its discretion is not subject to review in the absence of manifest abuse of discretion.

**2. Appeal and Error § 3; Trial § 46.1—**

When the trial court sets aside the verdict in its discretion and orders a new trial, the case remains on the civil issue docket for trial *de novo*, unaffected by rulings made during the trial, and therefore rulings during trial on motions to nonsuit are no longer pertinent, and the correctness of such rulings cannot be presented for review, there being no final judgment or interlocutory order from which an appeal can be taken.

APPEAL by defendant from *Phillips, J.,* November 1961 Civil Term of ROCKINGHAM.

Administrator's action to recover damages for the alleged wrongful death of an eight-year-old boy, who died as a result of injuries received when struck by an automobile driven by defendant.

Issues of negligence, contributory negligence, and damages were submitted to the jury, who answered the first issue (negligence), No. Whereupon, plaintiff moved the trial court to set aside the verdict. The court stated "this verdict shocks the conscience of the court," and, in its discretion, set aside the verdict and ordered a new trial.

Defendant excepted and appealed.

*Brown, Scurry, McMichael & Griffin by Hugh P. Griffin, Jr., for defendant appellant.*

*Fagg, Vaughn, Harrington & Fagg by Thomas S. Harrington, and Jordan, Wright, Henson & Nichols by Luke Wright for plaintiff appellee.*

PER CURIAM. The rule is thoroughly established in this jurisdiction that when a trial court sets aside a verdict in its discretion, as here, its action in so doing is not subject to review by appeal to the Supreme Court, in the absence of a manifest abuse of discretion. *Walston v. Greene,* 246 N.C. 617, 99 S.E. 2d 805; *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377; *Goodman v. Goodman,* 201 N.C. 808; 161 S.E. 686; *Bird v. Bradburn,* 131 N.C. 488, 42 S.E. 936; *Brink v. Black,* 74 N.C. 329. The record discloses no abuse of discretion on the part of the trial court. The appeal is without substance and will be dismissed. *Goodman v. Goodman, supra.*

Defendant assigns as error the denial by the trial court of his mo-

tion for a judgment of involuntary nonsuit made at the close of plaintiff's evidence; defendant offered no evidence. This question is not presented. When the trial court, in its discretion, set aside the verdict, and ordered a new trial, the case remained on the civil issue docket for trial *de novo,* unaffected by rulings made therein during the trial conducted by Judge Phillips. *Gillikin v. Mason,* 256 N.C. 533, 124 S.E. 2d 541. Defendant, in respect to the denial of his motion for a judgment of involuntary nonsuit, has nothing to appeal from, for the very simple reason that in this respect there is neither a final judgment nor any interlocutory order of the superior court affecting his rights. *Veazey v. Durham, supra;* G.S. 1-277-278.

Appeal dismissed.