JAMES WAYMAN SCOTT, SR. v. EARL WALTON TROGDON, JR.

(Filed 23 November, 1966.)

**Trial § 48—**

> The action of the trial court in setting aside the verdict in its discretion will not be disturbed on appeal when the record fails to disclose any abuse of discretion.

APPEAL by plaintiff from *Riddle, Special Judge,* April 1966 Civil Session of RANDOLPH.

Plaintiff instituted this action March 8, 1965. He alleged he sustained property damage of $350.00 and damages of $10,000.00 on account of personal injuries as the result of a rear-end collision on August 10, 1963, caused by defendant's negligence. Answering, defendant admitted his car struck the rear of plaintiff's car and that his negligence was the sole proximate cause of the collision. He admitted there was some (but not extensive) damage to plaintiff's 1950 Dodge but denied plaintiff received any personal injuries.

Plaintiff and defendant offered evidence relating to the amount of damages plaintiff had sustained as a result of the collision.

The court submitted, and the jury answered, the following issues: "1. What amount, if any, is the plaintiff, James Wayman Scott, Sr., entitled to recover of the defendant, Earl Walton Trog-

HOPKINS *v.* HOPKINS.

don, Jr., for: a) Property damage? ANSWER: *$325.00.* b) Personal injuries? ANSWER: *$10,000.00.*"

The court, allowing defendant's motion, "ORDERED, *in the discretion of the Court,* that the verdict of the jury in this trial be set aside and that a new trial be held in this action." (Our italics.)

Plaintiff excepted and appealed.

*Ottway Burton for plaintiff appellant.*
*Coltrane & Gavin for defendant appellee.*

PER CURIAM. "(W)hen a trial court sets aside a verdict in its discretion, as here, its action in so doing is not subject to review by appeal to the Supreme Court, in the absence of a manifest abuse of discretion. *Walston v. Greene,* 246 N.C. 617, 99 S.E. 2d 805; *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377; *Goodman v. Goodman,* 201 N.C. 808, 161 S.E. 686; *Bird v. Bradburn,* 131 N.C. 488, 42 S.E. 936; *Brink v. Black,* 74 N.C. 329." *Goldston v. Wright,* 257 N.C. 279, 125 S.E. 2d 462.

Here, as in *Goldston,* the record discloses no abuse of discretion on the part of the trial court. The appeal is without substance and will be dismissed.

Appeal dismissed.