TINCH v. VIDEO INDUSTRIAL SERVICES

[124 N.C. App. 391 (1996)]

FREDERICK TINCH, Plaintiff v. VIDEO INDUSTRIAL SERVICES, INC., WESTERN TEMPORARY SERVICES, INC., HENDON ENGINEERING ASSOCIATES, INC., METROPOLITAN SEWERAGE DISTRICT OF BUNCOMBE COUNTY, and CARYLON CORPORATION, Defendant

No. COA96-155

(Filed 5 November 1996)

### 1. Appeal and Error § 118 (NCI4th)— partial denial of summary judgment—nonappealable interlocutory order

Defendant engineering company's appeal from the trial court's partial denial of summary judgment as to plaintiff worker's claim that defendant breached a statutory duty to plaintiff was dismissed as interlocutory where this claim was not certified for immediate appeal by the trial court, and defendant has not shown that it will be deprived of any substantial right without review before final judgment on this claim.

**Am Jur 2d, Appellate Review §§ 169, 170.**

### 2. Appeal and Error § 121 (NCI4th)— partial summary judgment—nonappealable interlocutory order

Plaintiff worker's appeal from the trial court's order granting summary judgment in favor of defendant video company as to plaintiff's *Woodson* claim based on alleged intentional, willful and wanton misconduct was dismissed as interlocutory where the only claim left for trial is plaintiff's claim that defendant engineering company's breach of a statutory duty caused plaintiff's injuries; the resolutions of plaintiff's claims against defendant video company and defendant engineering company are not dependent upon the same facts; and dismissal of this appeal will not prejudice a substantial right of plaintiff or result in inconsistent verdicts as to the liability of defendant video company and defendant engineering company.

**Am Jur 2d, Appellate Review §§ 169, 170.**

Appeal by plaintiff and defendant Hendon Engineering Associates, Inc., from order entered 5 October 1995 by Judge John M. Gardner in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 October 1996.

*Mraz & Dungan, by John A. Mraz and Carl Spencer Alridge, II, for plaintiff appellant-appellee.*

**TINCH v. VIDEO INDUSTRIAL SERVICES**

[124 N.C. App. 391 (1996)]

*Ball, Barden, Contrivo & Bell, P.A., by Ervin L. Ball, Jr., for defendant appellant-appellee Video Industrial Services, Inc.*

*Hunton & Williams, by Frank A. Hirsch, Jr., and Talcott J. Franklin, for defendant appellant-appellee Hendon Engineering Associates, Inc.*

SMITH, Judge.

On 20 June 1994 plaintiff Frederick Tinch brought this action in tort to recover damages for injuries received while working on a job site in Asheville, North Carolina. Plaintiff Tinch named Hendon Engineering Associates, Inc., the Metropolitan Sewerage District of Buncombe County and Western Temporary Services as defendants. Plaintiff also named Video Industrial Services, Inc., and Carylon Corporation, as defendants.

On 23 August 1994, defendant Hendon moved for summary judgment as to all claims asserted by plaintiff Tinch. On 5 October 1995 the trial court granted summary judgment in favor of Hendon as to all claims, except the trial court denied Hendon's motion for summary judgment as to plaintiff's claim that defendant Hendon owed a duty to plaintiff pursuant to Chapter 89C of the North Carolina General Statutes.

On 1 November 1994 defendants Video and Carylon moved for summary judgment as to all claims asserted by plaintiff Tinch. On 5 October 1995 the trial court granted Video's motion for summary judgment.

Plaintiff Tinch gave notice of appeal from the 5 October 1995 order granting summary judgment in favor of defendant Video. Defendant Hendon gave notice of appeal from paragraph 2(c) of the 5 October 1995 order, partially denying summary judgment to Hendon. On 29 February 1996 plaintiff appellant Tinch filed a motion to dismiss defendant appellant Hendon's appeal as being interlocutory. We hold that both defendant Hendon's and plaintiff Tinch's appeals are interlocutory and dismiss. We first address the interlocutory nature of defendant appellant Hendon's appeal and then address the interlocutory nature of plaintiff appellant Tinch's appeal.

An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy. *Cagle v. Teachy,* 111 N.C. App. 244, 247, 431 S.E.2d 801,

803 (1993). Generally, no right of appeal lies from an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). The purpose of this rule is " 'to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.' " *Id.* (quoting *Fraser v. Di Santi,* 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied,* 315 N.C. 183, 337 S.E.2d 856 (1985). However, there are two avenues by which a party may immediately appeal an interlocutory order or judgment. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal may lie. *Jeffreys,* 115 N.C. App. at 379, 444 S.E.2d at 253. Second, an appeal is permitted under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review. *Id.* An appeal of an order denying a motion for partial summary judgment is interlocutory as long as a substantial right is not affected. *Travco Hotels, Inc. v. Piedmont Natural Gas Co.,* 102 N.C. App. 659, 661, 403 S.E.2d 593, 594 (1991), *aff'd and remanded,* 332 N.C. 288, 420 S.E.2d 426 (1992).

[1] Hendon appeals from the 5 October 1995 order denying partial summary judgment as to plaintiff's claim that Hendon breached a duty to plaintiff pursuant to Chapter 89C of the North Carolina General Statutes. The trial court's partial denial of summary judgment is interlocutory because it leaves further action for the trial court and does not dispose of the case in its entirety. Furthermore, the trial court certified all claims in the 5 October 1995 order for immediate appeal except the one from which Hendon appeals. Therefore, Hendon must show that a substantial right will be lost or prejudiced without review before final judgment is rendered. Hendon has not shown that it will be deprived of any substantial right if we decline review and plaintiff proceeds to trial on the theory of liability pursuant to Chapter 89C. Because Hendon's claim was not certified for immediate appeal and because no substantial right will be lost or prejudiced, we grant plaintiff appellant's motion to dismiss Hendon's appeal.

[2] On our own motion, we dismiss plaintiff appellant Tinch's appeal of the trial court's order granting summary judgment in favor of defendant appellee Video Industrial Services, Inc. "If an appealing party has no right of appeal, an appellate court on its own mo-

tion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Waters v. Personnel, Inc.*, 294 N.C. 200, 201, 240 S.E.2d 338, 340 (1978) (footnote omitted).

The trial court granted summary judgment in favor of defendant Video as to all of plaintiff's claims. Plaintiff assigns error to the trial court's granting summary judgment in favor of defendant Video, and the only claim addressed in plaintiff's brief is the *Woodson* claim. Pursuant to Rule 54(b), the trial court certified the order of summary judgment in Video's favor, finding there was no just reason for delay and entering final judgment, thereby releasing it for immediate appeal. "Rule 54(b) modifies the traditional notion that a case could not be appealed until the trial court had finally and entirely disposed of it all." *Tridyn Industries, Inc. v. American Mutual Insurance Co.*, 296 N.C. 486, 490, 251 S.E.2d 443, 446 (1979). "[A] trial judge cannot 'by denominating his decree a "final judgment" make it immediately appealable under Rule 54(b) if it is not such a judgment.' " *Pelican Watch v. U.S. Fire Ins. Co.*, 90 N.C. App. 140, 141, 367 S.E.2d 351, 352 (1988) (quoting *Tridyn*, 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979)), *rev'd*, 323 N.C. 700, 375 S.E.2d 161 (1989). A finding that "there is no just reason for delay" under Rule 54(b) is not enough. The judgment must also be final. *Cook v. Tobacco Co.*, 47 N.C. App. 187, 188-89, 266 S.E.2d 754, 755-56 (1980). A determination by the trial court in its appeal entries that there is no just reason to delay the appeal must be construed in light of N.C. Gen. Stat. § 7A-27 and our well-settled case law concerning interlocutory appeals. *Fraser*, 75 N.C. App. at 655, 331 S.E.2d at 218. "In multiple claim or multiple party cases the trial court may enter a judgment which is final and which fully terminates fewer than all the claims or claims as to fewer than all the parties." *Tridyn*, 296 N.C. at 490, 251 S.E.2d at 446-47. "Whether a case involves multiple parties is not difficult to determine . . . however, it is important in applying Rule 54(b) to distinguish the true *multiple claim case* from the case in which only a *single claim based on a single factual occurrence* is asserted but in which various kinds of remedies may be sought." *Id.* at 490, 251 S.E.2d at 447 (emphasis added).

Our Supreme Court has said that " '[t]he right to avoid one trial on . . . disputed [fact] issues is not normally a substantial right that would allow an interlocutory appeal while the right to avoid the possibility of two trials on the same issues can be such a substantial right.' " *Davidson v. Knauff Ins. Agency*, 93 N.C. App. 20, 25, 376 S.E.2d 488, 491, *disc. review denied*, 324 N.C. 577, 381 S.E.2d 772

(1989) (quoting *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982)). "[I]f the final disposition of multiple claims depends upon the determination of any common fact issues, then the parties ordinarily have a substantial right that those issues be determined by the same jury." *Id.* at 26, 376 S.E.2d at 491-92.

In this case, plaintiff alleged that defendant Video's intentional, willful and wanton misconduct was the direct and proximate cause of the injuries and damages suffered by plaintiff. Plaintiff also alleged that defendant Hendon was negligent in failing to investigate the safety record of defendant Video before contracting with Video, in failing to investigate the nature and origin of the equipment that Video used to perform its work, in failing to require Video to use safe equipment which conformed to accepted standards, in failing to require people using Video's winch to be properly trained and in failing to warn plaintiff of the dangers of winch operation. The only remaining claim left for trial is plaintiff's claim that defendant Hendon owed a duty to plaintiff pursuant to Chapter 89C of the North Carolina General Statutes, and that Hendon's breach of that duty caused the injuries and damages suffered by plaintiff. Video's alleged intentional, willful and wanton misconduct with respect to plaintiff's injuries does not affect plaintiff's claim that defendant Hendon's ordinary negligence caused plaintiff's injuries. There are no common fact issues between these defendants. The resolutions of plaintiff's legal claims against Video and Hendon are not dependent upon the same set of facts. Thus, dismissing the appeal against Video will not result in plaintiff having to undergo duplicate trials on the same issues of fact, nor will our dismissal result in inconsistent verdicts. This is a true multiple claim case involving different facts to support the claims alleged. Thus, dismissal of this appeal will not prejudice a substantial right of plaintiff in this case and will not result in inconsistent verdicts as to the liability of defendants Video and Hendon. This appeal is dismissed as interlocutory.

Appeals dismissed.

Judges EAGLES and MARTIN, John C., concur.