PATRICIA ANNETTE BURCHETTE AND SALLY BURCHETTE PLAINTIFFS V.
CHARLES WILLIAM LYNCH, DEFENDANT

No. COA97-143

(Filed 2 December 1997)

**Appeal and Error § 87 (NCI4th)— deadlock on negligence issue—finding of no contributory negligence—no right of immediate appeal**

Where the jury deadlocked on the issue of defendant's negligence and unanimously found plaintiff not contributorily negligent, and the trial court entered judgment on the verdict that plaintiff was not contributorily negligent and ordered a mistrial as to the negligence issue, the judgment entered on the verdict was interlocutory, and defendant had no right of immediate appeal from the judgment since defendant was not deprived of a substantial right without immediate appellate review because either verdict the jury agrees upon in the second trial on the negligence issue will not be inconsistent with the finding in the first trial that plaintiff was not contributorily negligent.

BURCHETTE v. LYNCH

[128 N.C. App. 65 (1997)]

Appeal by defendant from judgment entered 5 July 1996 and order entered 20 August 1996 by Judge Robert H. Hobgood in Warren County Superior Court. Heard in the Court of Appeals 21 October 1997.

*Douglas T. Simons for plaintiff appellee Patricia Annette Burchette.*

*Jones-Smith & Smith, by Troy A. Smith, for plaintiff appellee Sally Burchette.*

*Cranfill, Sumner & Hartzog, L.L.P., by Emerson M. Thompson, III, for defendant appellant.*

SMITH, Judge.

Plaintiff Patricia Burchette testified she was traveling north in her vehicle on Rural Paved Highway 1229 in Warren County on 2 November 1991 accompanied by her two children and her mother, plaintiff Sally Burchette. As Patricia Burchette rounded a curve in the road, she was blinded for approximately two to three seconds by the headlights of an oncoming vehicle in the southbound lane. Upon being blinded, she proceeded to brake and slow her vehicle. Her vehicle then struck a grain drill owned by defendant which was stopped in the northbound lane. Patricia Burchette testified that she did not see anything before her vehicle collided with defendant's equipment. Sally Burchette testified that all she could remember was a bright light coming over the hill. The next thing she knew, they had collided with defendant's equipment.

Defendant testified that, at approximately 5:30 p.m. on 2 November 1991, he was operating his farm tractor, which was pulling a grain drill, on a two-lane road in Warren County. He had turned the tractor from his farmland onto the road to return home for the evening. Soon thereafter, the tractor's circuit breaker went dead without warning and the tractor shut down. Defendant got off the tractor in order to make a phone call or direct traffic around the tractor. He tried to stop a vehicle in the southbound lane but the vehicle did not stop. He then attempted to stop plaintiff Patricia Burchette, who was traveling in the northbound lane; however, she did not see him and her vehicle collided with his equipment.

Plaintiffs Patricia and Sally Burchette filed this action on 18 October 1994 alleging they were injured as a result of defendant's negligence. Defendant answered denying negligence and asserting

BURCHETTE v. LYNCH

[128 N.C. App. 65 (1997)]

Patricia Burchette's contributory negligence. He also filed a counter-claim for damage to his farm equipment. The action was tried before a jury on 27 May 1996 after defendant's motion for summary judgment was denied. Defendant moved for directed verdict at the close of plaintiffs' evidence and at the close of all evidence, and these motions were also denied. On 31 May 1996, the jury deadlocked on the first issue of defendant's negligence; however, the jury unanimously found Patricia Burchette not contributorily negligent. The trial court entered judgment on the verdict that Patricia Burchette was not contributorily negligent and ordered a mistrial as to the first issue. Defendant thereafter filed a motion for judgment notwithstanding the verdict and a motion for a new trial, which the trial court denied.

On appeal, defendant argues the evidence presented by plaintiffs failed to establish his negligence, and in the alternative, that the evidence was sufficient to establish plaintiff Patricia Burchette's contributory negligence. However, we need not address these arguments, as defendant's appeal is interlocutory, and we dismiss his appeal. " 'If an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves.' " *Tinch v. Video Industrial Services*, 124 N.C. App. 391, 393-94, 477 S.E.2d 193, 196 (1996) (citations omitted), *disc. review denied, cert. denied, and disc. review allowed*, 345 N.C. 646, 483 S.E.2d 718 (1997).

"An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). Here, the jury deadlocked on issue number one regarding defendant's negligence, but proceeded to answer issue number two, finding plaintiff Patricia Burchette not contributorily negligent. Because the issues of whether defendant negligently injured plaintiffs and what damages, if any, plaintiffs are entitled to recover were not answered by the jury, the judgment entered on the verdict is interlocutory since it "leaves further action by the trial court and does not dispose of the case in its entirety." *Tinch*, 124 N.C. App. at 393, 477 S.E.2d at 196.

Generally there is no right of immediate appeal from an interlocutory order. *Id.* at 393, 477 S.E.2d at 195. The purpose of this rule is " 'to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.' " *Id.* at 393, 477 S.E.2d at 196

(citations omitted). There are, however, two avenues by which a party can immediately appeal an interlocutory order or judgment. First, a party may immediately appeal an interlocutory order or judgment if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies there is no just reason to delay the appeal. N.C. Gen. Stat. § 1A-1, Rule 54(b) (1990). Second, a party may immediately appeal an interlocutory order or judgment under N.C. Gen. Stat. §§ 1-277(a) (1996) and 7A-27(d)(1) (1995), "if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *Page*, 119 N.C. App. at 734, 460 S.E.2d at 334. In the instant case, the trial court did not certify that there was no just reason to delay the appeal. Thus, the only method by which defendant could immediately appeal the trial court's judgment and order is by showing that without immediate appellate review he would be deprived of a substantial right.

Courts in this jurisdiction have frequently observed that the substantial right test is more easily stated than applied. *Liggett Group v. Sunas*, 113 N.C. App. 19, 24, 437 S.E.2d 674, 677 (1993). It is usually necessary to consider the facts and procedural context of each case in determining whether a substantial right is affected. *Id.* However, a substantial right is considered affected if " 'there are overlapping factual issues between the claim determined and any claims which have not yet been determined' because such overlap creates the potential for inconsistent verdicts resulting from two trials on the same factual issues." *Id.* (citations omitted). To demonstrate that a substantial right has been affected, a party must show "(1) the same factual issues would be present in both trials **and** (2) the possibility of inconsistent verdicts on those issues exists." *Page*, 119 N.C. App. at 736, 460 S.E.2d at 335 (emphasis added).

Here, defendant has not shown he would be deprived of a substantial right without immediate appellate review of the trial court's judgment and order. While a new trial on the question of defendant's negligence would present the same factual issues as were considered at the first trial, a new trial would not pose a threat of inconsistent verdicts. At a new trial, the only liability issue the jury would be faced with is whether or not defendant was negligent on the day of the accident, a question the jury failed to answer at the first trial. Either verdict the jury agrees upon in a second trial on this issue will not be inconsistent with the finding in the first trial that plaintiff Patricia Burchette was not contributorily negligent. *See Enns v. Zayre Corp.*, 116 N.C. App. 687, 693, 449 S.E.2d 478, 482 (1994), *aff'd*, 342 N.C. 406,

464 S.E.2d 298 (1995) ("whether plaintiff was found contributorily negligent or not . . . there is no impact on the jury's decision concerning defendant's negligence.") Thus, no substantial right of defendant would be prejudiced absent immediate appellate review of the trial court's judgment and order. For the sake of efficiency, defendant should have waited until a final determination as to his negligence was made before filing an appeal with this Court.

We are mindful of this Court's decision in *Sanders v. Yancey Trucking Co.; Johnson v. Yancey Trucking Co.*, 62 N.C. App. 602, 606, 303 S.E.2d 600, 602, *disc. review denied*, 309 N.C. 462, 307 S.E.2d 366 (1983), holding a trial court's judgment immediately appealable though a mistrial was declared on the issue of one defendant's negligence. In that case, plaintiffs were passengers in a pickup truck that collided with a dump truck. *Id.* at 603-04, 303 S.E.2d at 601. Plaintiffs filed suit against the estate of John Gulley, the driver and owner of the pickup; Lois Gulley, John Gulley's widow; George A. Yancey Trucking Company, the owner of the dump truck; and Ivey Riggs, the driver of the dump truck. *Id.* at 604, 303 S.E.2d at 601. The trial court submitted two issues to the jury: (1) whether Riggs was negligent, and (2) whether John Gulley was negligent. *Id.* The jury found John Gulley was not negligent, but was unable to reach a verdict as to Riggs' negligence. *Id.* The trial court then declared a mistrial on the issue of Riggs' negligence and ordered a new trial on that issue. *Id.* In holding the judgment was immediately reviewable on appeal, we noted substantial rights of both Riggs and the trucking company had been affected since the verdict absolved John Gulley of any negligence. *Id.* at 606, 303 S.E.2d at 602. The verdict had the effect of determining Riggs' and the trucking company's indemnity and contribution claims against Gulley's estate, in addition to determining Riggs' claim for personal injuries against the estate. *Id.*

We do not believe *Sanders* controls the outcome of the instant case. In *Sanders*, a final judgment had been entered on the issue of one **defendant's** negligence where the liability of other defendants remained unresolved. In the instant case, there is only one defendant. While a determination was made as to **plaintiff** Patricia Burchette's contributory negligence, no determination has been made as to defendant's liability. For this reason, we conclude *Sanders* is inapplicable to the present case.

Because there is no final judgment in this case, and the purported appeal is interlocutory, the appeal is dismissed.

Appeal dismissed.

Judges WYNN and WALKER concur.