PATRICIA ANNETTE BURCHETTE, AND SALLY BURCHETTE, PLAINTIFFS V. CHARLES WILLIAM LYNCH, DEFENDANT

No. COA99-604

(Filed 29 August 2000)

**1. Trials— automobile collision—reference to insurance— failure to declare mistrial earlier**

The trial court did not abuse its discretion in the first of three trials arising from an automobile collision by not declaring a mistrial earlier in the proceedings based upon an inadvertent reference to liability insurance. Defendant could not have been prejudiced regarding negligence because the jury deadlocked and did not decide that issue. As for resultant prejudice on contributory negligence, the court did not abuse its discretion by denying defendant's mistrial motion.

**2. Appeal and Error— JNOV motions—mistrials and subsequent trials—ripeness for appeal**

A defendant in a negligence action arising from an automobile collision was not prejudiced by the denial of his JNOV motion on negligence, given the mistrial and subsequent retrial on that issue, and his purported appeal of the denial of that motion was not considered. However, defendant's appeal from the denial of his motion for a directed verdict and JNOV on plaintiff's contributory negligence is now ripe for appellate review because it was decided at the first trial and, after two more trials, a final judgment has issued.

**3. Motor Vehicles— automobile accident—contributory negligence—blinded by headlights**

The trial court did not err by denying defendant's directed verdict and JNOV motions on contributory negligence in an automobile accident case where plaintiff was blinded by the headlights of an oncoming automobile but slowed and applied her brakes immediately upon seeing the lights of the approaching vehicle.

**4. Appeal and Error— preservation of issues—jury deadlock—court's authority to submit other issues—no objection at trial**

The defendant in an automobile accident case did not preserve for appellate review the issue of whether the trial court had the authority to enter judgment on the contributory negligence issue after the jury deadlocked on negligence where defendant did not object to submission of the contributory negligence issue to the jury and cites no authority for the proposition that it was improper for the court to enter judgment in light of defendant's assent to submission of the issue to the jury.

**5. Appeal and Error— JNOV denied—mistrial as to those issues—appeal after subsequent trial**

Defendant's attempted appeal of the denial of his JNOV motion in a negligence action was rejected where the trial was the second of three and ended in a mistrial as to the issues raised in the motion.

**6. Appeal and Error— preservation of issues—jury instruction—no objection at trial**

The defendant in a negligence action arising from an automobile collision did not object at trial to the intervening negligence instruction as omitting foreseeability and therefore did not preserve the issue for appellate review.

**7. Negligence— subsequent trial—jury instruction—determination of prior trial**

There was no prejudice to defendant in the third trial of an action arising from an automobile accident where the court instructed the jury that the court had ruled that plaintiff was not negligent rather than stating that plaintiff was determined not to be negligent in a prior proceeding. Defendant did not request an amendment to the instruction, the essence of the statement was

accurate, and the statement served to clarify that the intervening negligence at issue was not that of plaintiff.

**8. Trials— negligence—jury arguments—not grossly improper**

Plaintiff's jury arguments in an action arising from an automobile accident were not so grossly improper as to have likely influenced the jury's verdict.

**9. Appeal and Error— JNOV motion in subsequent trial— argument concerning prior trial—issue abandoned**

The defendant in an automobile accident case abandoned his argument on appeal regarding the denial of his JNOV motion where the appeal concerned the third trial and the argument in the brief concerned the second trial. Defendant was not bound on retrial by the evidence presented at the former trial and whether the evidence at the third trial would support the motion cannot be decided on the basis of the evidence presented at the former trial. Moreover, the court in this case properly denied the motion.

Appeal by defendant from judgment entered 28 August 1998 and order filed 13 October 1998 by Judge Robert H. Hobgood in Warren County Superior Court. Heard in the Court of Appeals 23 February 2000.

*Douglas T. Simons for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Emerson M. Thompson, III, for defendant-appellant.*

JOHN, Judge.

Defendant Charles William Lynch appeals judgment entered upon a jury verdict in favor of plaintiff Patricia Annette Burchette (plaintiff). We conclude the trial court did not err.

Pertinent facts and procedural history include the following: On 2 November 1991, plaintiff was operating her automobile on Rural Paved Highway 1229 in Warren County. Plaintiff Sally Burchette was a passenger therein. A farm tractor with grain drill attached, owned and operated by defendant, was parked partially on the shoulder of the road and partially in plaintiff's lane of travel. Plaintiff's vehicle collided with defendant's grain drill, resulting in injuries to plaintiff.

Plaintiff filed the instant complaint 18 October 1994, alleging defendant's negligence in parking the tractor and failing to warn

BURCHETTE v. LYNCH

[139 N.C. App. 756 (2000)]

oncoming motorists thereof proximately caused plaintiff's injuries. Defendant answered 28 November 1994, generally denying negligence and asserting plaintiff's contributory negligence as a defense. Defendant also counterclaimed against plaintiff seeking a property damage recovery. Plaintiff replied, denying defendant's claim and asserting defendant was accorded the last clear chance to avoid the collision.

Trial of the case commenced 29 May 1996 (Trial I). Defendant's renewed motion for directed verdict at the close of all evidence was denied. *See* N.C.G.S. § 1A-1, Rule 50(a) (1999). The jury subsequently deadlocked on the issue of defendant's negligence, but unanimously absolved plaintiff of contributory negligence. The trial court ordered a mistrial on the negligence issue and entered judgment on the verdict against defendant regarding plaintiff's contributory negligence.

Defendant moved for judgment notwithstanding the verdict (JNOV) and for new trial, *see* N.C.G.S. § 1A-1, Rules 50(b), (c), which motions were denied 14 August 1996. Defendant subsequently appealed the judgment and denial of his motions, which appeal was dismissed as interlocutory. *See Burchette v. Lynch*, 128 N.C. App. 65, 493 S.E.2d 334 (1997).

A mistrial again occurred in February 1998 upon a second jury's failure to agree on the issue of defendant's negligence (Trial II). Plaintiff Sally Burchette subsequently dismissed her claims with prejudice 20 August 1998.

At a third trial commencing 24 August 1998 (Trial III), the jury determined plaintiff was injured by the negligence of defendant and awarded $120,000.00 in compensatory damages. A 28 August 1998 judgment was rendered reflecting the verdict. Defendant moved for JNOV as well as for relief from judgment under N.C.G.S. § 1A-1, Rule 60(b) (1999), which motions were denied by order dated 9 October 1998. Defendant timely appealed both the judgment and order, noting twenty-six assignments of error directed at all three trials. Only twelve assignments of error are addressed in defendant's brief to this Court; the remainder are therefore deemed abandoned. *See* N.C.R. App. P. 28(b)(5) ("[a]ssignments of error not set out in the appellant's brief . . . will be taken as abandoned").

[1] Defendant first contends the trial court erred during Trial I by denying defendant's motions for mistrial as well as for directed verdict and JNOV on both the negligence and contributory negligence

issues. Although not raised by the parties, we must first determine the propriety of defendant's purported appeal in this regard. *See First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 246, 507 S.E.2d 56, 59 (1998) (although parties failed to raise issue, appellate court must *sua sponte* determine whether appeal is properly before the court).

Given that Trial I eventually terminated in a mistrial on the issue of defendant's negligence, his assertion the trial court erred by failing to declare a mistrial earlier in the proceedings is without merit.

Defendant's motion was directed at plaintiff's inadvertent reference to liability insurance in regard to property damage to her automobile. Defendant could not have been prejudiced regarding the negligence issue as that issue was not decided by the jury. *See Watson v. White*, 309 N.C. 498, 507, 308 S.E.2d 268, 273-74 (1983) (although defendant's argument to jury improperly suggested inability to pay verdict, error in allowing argument not prejudicial where jury found plaintiff contributorily negligent and thus did not reach issue of damages). To the extent defendant argues resultant prejudice concerning the issue of plaintiff's contributory negligence, we hold the trial court did not abuse its discretion in denying defendant's mistrial motion. *See State v. McCarver*, 341 N.C. 364, 383, 462 S.E.2d 25, 36 (1995), *cert. denied*, 517 U.S. 1110, 134 L. Ed. 2d 482 (1996) (decision to grant mistrial motion "is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless it is so clearly erroneous as to amount to a manifest abuse of discretion").

[2] Further, defendant cannot have been prejudiced by denial of his JNOV motion on the issue of his negligence, given the mistrial and subsequent retrial of the case on that issue. When a trial court orders a new trial,

> the case remain[s] on the civil issue docket for trial *de novo*, unaffected by rulings made therein during the [original] trial . . . .

*Goldston v. Wright*, 257 N.C. 279, 280, 125 S.E.2d 462, 463 (1962).

Stated otherwise, a "mistrial results in nullification of a pending jury trial." 75B Am. Jur. 2d *Trial* § 1713 (1992); *see also People v. Thompson*, 379 N.W.2d 49, 56 (Mich. 1990) ("a hung jury mistrial . . . is essentially a nullity"), *cert. denied sub nom. Thompson v. Foltz*, 498 U.S. 971, 112 L. Ed. 2d 423 (1990). Accordingly, any error on the part of the trial court in denying defendant's motion regarding the

negligence issue would thus be harmless, as on retrial defendant would not be

> bound by the evidence presented at the former trial. Whether [his] evidence at the new trial will support [a motion for directed verdict] cannot now be decided.

*Akzona, Inc. v. Southern Railway Co.*, 314 N.C. 488, 495, 334 S.E.2d 759, 763 (1985).

> In short,

> [d]efendant, in respect to the denial of his motion for [JNOV], has nothing to appeal from, for the very simple reason that in this respect there is neither a final judgment nor any interlocutory order of the superior court affecting his rights.

*Goldston*, 257 N.C. at 280, 125 S.E.2d at 463. We therefore do not consider defendant's purported appeal of denial of his JNOV motion on the negligence issue proffered at Trial I which resulted in a mistrial on that issue.

**[3]** However, defendant also moved for a directed verdict and JNOV, *see Abels v. Renfro Corp.*, 335 N.C. 209, 214, 436 S.E.2d 822, 825 (1993) (JNOV motion essentially renewal of earlier directed verdict motion and same standard of review therefore applicable), on the issue of plaintiff's contributory negligence. This issue was indeed decided at Trial I although appeal thereon at the conclusion of trial was premature in that

> the issues of whether defendant negligently injured plaintiff[] and what damages, if any, plaintiff[ is] entitled to recover were not answered by the jury,

*Burchette*, 128 N.C. App. at 67, 493 S.E.2d at 335.

However, the question is now ripe for appellate review because a final judgment has been entered. *See Floyd and Sons, Inc. v. Cape Fear Farm Credit*, 350 N.C. 47, 51, 510 S.E.2d 156, 158 (1999) ("a party seeking to appeal from a nonappealable interlocutory order must wait until a final judgment is rendered and may then proceed as designated in" N.C.R. App. P. 3(d)); N.C.G.S. § 1-278 (1999) ("[u]pon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment").

Defendant argues plaintiff's testimony at Trial I established her contributory negligence as a matter of law, and that the trial court

therefore erred by denying his directed verdict and JNOV motions. We do not agree.

Defendant emphasizes plaintiff's testimony that she was blinded by the headlights of an oncoming automobile for two to three seconds prior to the collision, and relies upon our Supreme Court's decision in *McKinnon v. Motor Lines*, 228 N.C. 132, 44 S.E.2d 735 (1947). *McKinnon* held that a driver who "ran in a 'blinded area' for two or three seconds," but maintained his speed and then rear-ended another vehicle, was contributorily negligent as a matter of law. *Id.* at 136, 44 S.E.2d at 737.

However, defendant ignores plaintiff's further testimony that immediately upon seeing the headlights of the approaching auto, she "attempt[ed] to slow down," "hit [her] brakes," and did not take her eyes "away from the roadway." In *McKinnon*,

> the plaintiff[] continued to drive some distance after being "blinded" by the lights of another vehicle . . . without attempting to stop [his] vehicle[]. . . . The distinction in the case[] relied on by defendant[] and this case is that in the instant case plaintiff immediately acted upon seeing the danger, while in the case[] cited by defendant[] the plaintiff[] continued in the same course of action for some time and distance after being faced with apparent danger.

*White v. Mote*, 270 N.C. 544, 553, 155 S.E.2d 75, 81 (1967).

In the light most favorable to plaintiff, *see Abels*, 335 N.C. at 214-15, 436 S.E.2d at 825 (on JNOV motion, "trial court must examine all of the evidence in a light most favorable to the nonmoving party, [which] party must be given the benefit of all reasonable inferences that may be drawn from that evidence"), the evidence thus indicates plaintiff, unlike the plaintiff in *McKinnon*, slowed and applied her brakes immediately upon seeing the headlights of the approaching vehicle. We therefore cannot say her actions constituted contributory negligence as a matter of law, *see White*, 270 N.C. at 554, 155 S.E.2d at 82; *see also Nicholson v. American Safety Utility Corp.*, 346 N.C. 767, 774, 488 S.E.2d 240 244 (1997) ("[i]ssues of contributory negligence . . . are ordinarily questions for the jury"), and the trial court did not err in denying defendant's directed verdict and JNOV motions asserting that argument.

**[4]** Alternatively, defendant claims the trial court "had no authority to enter judgment on the issues related to [plaintiff's] contributory

negligence." This argument has not been properly preserved for appellate review.

Following the jury's indication it was deadlocked regarding defendant's negligence, the trial court directed that the jury proceed to deliberate the issue of plaintiff's contributory negligence. In the absence of the jury, the court then inquired if either party objected to the jury's consideration of that issue. Although plaintiff objected, defendant's counsel responded:

Your Honor, if the jury can come back with Issue 2 with yes or no, I believe this Court could use that as a basis to make rulings as a matter of law even if they deadlock on Issue 1, if they consider Issue 2 and I would request the Court to allow the jury to consider Issue 2 as you have so instructed.

I would request that if the jury comes back and they indicate that their verdict is not unanimous then the Court inquire as to Issue 1 and Issue 2 separately to see if they have come back unanimously on Issue 2 and may still be deadlocked on Issue 1.

Defendant therefore did not object to submission of the contributory negligence issue to the jury, *see* N.C.R. App. P. 10(b)(1) (to preserve argument for appellate review, party must present to trial court timely objection), and cites no authority for the proposition that it was improper for the trial court to enter judgment thereon in light of defendant's assent to submission of the issue to the jury, *see* N.C.R. App. P. 28(b)(5) (assignments of error "in support of which no . . . authority [is] cited, will be taken as abandoned").

[5] Defendant next attempts to appeal denial of his JNOV motion during Trial II

on the grounds that the plaintiff's evidence as a matter of law failed to establish any negligence on the part of the defendant and in that the plaintiff's evidence as a matter of law established the intervening negligence of a third party as a matter of law.

However, Trial II ended in a mistrial as to the issues raised by defendant in his JNOV motion, leaving no order from which to appeal and resulting in no prejudice to defendant. *See Goldston,* 257 N.C. at 280, 125 S.E.2d at 463, and *Watson,* 309 N.C. at 507, 308 S.E.2d at 273-74. For the reasons set out in our discussion of defendant's attempted appeal of denial at Trial I of his JNOV motion on the issue of his neg-

BURCHETTE v. LYNCH

[139 N.C. App. 756 (2000)]

ligence, therefore, we reject defendant's appeal of denial of his JNOV motion at Trial II.

**[6]** Defendant's final assignments of error concern Trial III and are generally reviewable on appeal. In the first, defendant maintains the trial court erred in instructing the jury on the issue of intervening negligence. We conclude the court did not err in this regard.

Defendant urged at trial that the intervening negligence of Alphonso Green (Green), operator of the oncoming automobile encountered by plaintiff immediately prior to the accident, should absolve defendant of liability. According to defendant, Green was negligent in that the headlights of his vehicle "were on high-beam and were never dimmed," thus temporarily blinding plaintiff.

The trial court's instruction addressing the matter of intervening negligence was as follows:

Proximate cause is a cause which in a natural and continuous sequence produces a person's injuries and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result.

There may be more than one proximate cause of an injury. Therefore, the Plaintiff . . . need not prove that the Defendant's negligence was the sole proximate cause of the injuries.

The Plaintiff must prove by the greater weight of the evidence only that the Defendant's negligence was a proximate cause; however, a natural and continuous sequence of causation may be interpreted [sic] or broken by the negligence of another operator of a vehicle. This occurs when another operator of a vehicle's negligence causes its own natural and continuous sequence which interrupts, breaks, displaces or supersedes the consequences of the first operator's negligence.

*When I use the term "another operator" or "second operator" in connection with this law, I'm not referring to the Plaintiff . . . . The Court has ruled that [plaintiff] was not negligent.* Under such circumstances, if you so find, the negligence of another or second operator, Alphonso Green, if you so find, would be the sole proximate cause of an injury and the negligence of the first operator would not be a proximate cause of the injury.

(emphasis added).

Defendant insists the italicized portion of the charge reflected "the court's bias towards and favoritism of the plaintiff," and further asserts the charge as a whole "incorrectly stated the law . . . [and] was prejudicially edited, misleading and confusing."

In support of the latter argument, defendant points to *Barber v. Constien*, 130 N.C. App. 380, 502 S.E.2d 912, *disc. review denied*, 349 N.C. 227, 515 S.E.2d 699 (1998). In that case, this Court held an intervening negligence jury instruction that "fail[ed] to refer to the critical element of foreseeability" left the jury "without proper guidance," requiring a new trial. *Id.* at 386, 502 S.E.2d at 916.

However, during the charge conference *sub judice*, defendant did not object to any portion of the trial court's proposed intervening negligence instruction. Following the court's delivery of its jury charge and dismissal of the jury to the jury room, moreover, defendant reiterated his previous objections to other portions of the charge and objected to the intervening negligence instruction solely on grounds it "indicated [plaintiff] was not negligent." As defendant failed to object to the intervening negligence instruction as omitting reference to foreseeability, defendant has not preserved this issue for appellate review and we decline to discuss it further. *See* N.C.R. App. P. 10(b)(2) ("party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto . . . stating distinctly that to which he objects and the grounds of his objection"); *see also State v. Francis*, 341 N.C. 156, 160, 459 S.E.2d 269, 271 (1995) (as objections at trial "in no way supported" defendant's assignment of error on appeal, defendant did not preserve error for appellate review), and *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) (where theory argued on appeal not raised in trial court, "the law does not permit parties to swap horses between courts in order to get a better mount [on appeal]").

[7] Assuming *arguendo* error in the portion of the trial court's jury charge wherein it stated that "the [c]ourt has ruled that [plaintiff] was not negligent," moreover, such error was harmless. We first note defendant objected to this portion of the instruction at trial on grounds it "indicated [plaintiff] was not negligent." However, in his brief to this Court, defendant asserts the instruction "shows the court's bias towards" plaintiff. *See Francis*, 341 N.C. at 160, 459 S.E.2d at 271.

In any event, although it may have been preferable for the trial court to state "plaintiff was determined not to be negligent in a prior

proceeding" rather than "*the [c]ourt* has ruled [plaintiff] was not negligent," defendant requested no such amendment to the instruction. *See* N.C.R. App. P. 10(b)(2) and *Wall v. Stout*, 310 N.C. 184, 188-89, 311 S.E.2d 571, 574 (1984) (purpose of Rule 10(b)(2) is "to prevent unnecessary new trials caused by errors in instructions that the court could have corrected if brought to its attention at the proper time"). Further, the essence of the court's statement, *i.e.*, that plaintiff was not negligent, was accurate, given the jury's verdict in her favor on the contributory negligence issue at Trial I. Finally, rather than confusing the jury, we believe the court's statement served to clarify that the intervening negligence at issue was that of Green, not plaintiff.

**[8]** Defendant next claims the trial court erred by allowing improper jury argument. This contention is unavailing.

The trial court overruled defendant's objections to the following comments by plaintiff's counsel:

Are you going to excuse [defendant] if it's your family in that car? Are you going to excuse [defendant] if it's your school children in that car? Are you going to excuse [defendant] if it's your sick and shut in aunt that you want to visit . . . .

. . . .

That's 25,000 pounds of equipment on the highway. Would [sic] do you want to say, do you want at least a warning? Do you want a chance? How many people in the Titanic wanted a chance but they didn't have enough lifeboats?

"[I]t is well established that counsel are accorded wide latitude in argument to the jury." *Fallis v. Watauga Medical Ctr., Inc.*, 132 N.C. App. 43, 53, 510 S.E.2d 199, 206, *disc. review denied*, 350 N.C. 308, —— S.E.2d —— (1999). The trial court, which "sees what is done, and hears what is said," is in a better position to judge "the latitude that ought to be allowed to counsel in the argument in any particular case." *State v. Bryan*, 89 N.C. 531, 534 (1883).

Accordingly,

[i]t is left to the trial judge's sound discretion to determine whether counsel has abused [that] latitude accorded him in the argument of hotly contested cases. [The appellate courts] will not review the judge's exercise of discretion unless there exists such gross impropriety in the argument as would likely influence the jury's verdict.

*State v. Hockett,* 309 N.C. 794, 799, 309 S.E.2d 249, 252 (1983). Suffice it to state we do not conclude the challenged remarks *sub judice* were so grossly improper as to have "likely influence[d] the jury's verdict." *Id.*

[9] Lastly, defendant contends the trial court erred by denying his JNOV motion following the jury verdict at Trial III. Defendant's entire argument on this issue in his appellate brief reads as follows:

> Defendant procedurally appeals the court's rulings on the defendant's Rule 50 motions made during and after the third trial of this cause in an effort to protect the defendant's rights with respect to the entry of directed verdict relating to the first trial in accord with N.C.G.S. § 1A-1, Rule 50(b)(2). Defendant hereby incorporates its arguments from Issue IV [of the brief] as if fully set forth word for word.

However, defendant's arguments in Issue IV of his brief were directed to the trial court's denial of defendant's JNOV motion at Trial II, a separate and distinct proceeding. We note again that on retrial defendant

> [wa]s not bound by the evidence presented at the former trial. Whether [his] evidence at . . . [T]rial [III would] support [a motion for directed verdict] cannot . . . be decided,

*Akzona,* 314 N.C. at 495, 334 S.E.2d at 763, on the basis of the evidence presented at the previous trial.

As defendant has advanced no argument regarding the evidence presented at Trial III in relation to the JNOV motion made at *that* trial, defendant has abandoned this assignment of error. *See* N.C.R. App. P. 28(b)(5) ("[a]ssignments of error . . . in support of which no reason or argument is stated or authority cited, will be taken as abandoned"). Notwithstanding, we have reviewed the record of Trial III and conclude the trial court properly denied defendant's JNOV motion advanced at the conclusion thereof. *See Abels,* 335 N.C. at 214-15, 436 S.E.2d at 825.

No error.

Judges LEWIS and EDMUNDS concur.