JOYCE ANN ROARY v. PAUL MAURICE BOLTON AND VALERIE ALIESA HOOD

No. COA01-842

(Filed 7 May 2002)

### 1. Trials— motion for new trial—negligence

The trial court did not abuse its discretion by granting plaintiff a new trial under N.C.G.S. § 1A-1, Rule 59 in a negligence action after the jury had returned a verdict in favor of defendants in light of plaintiff's uncontroverted evidence of negligence by defendants.

### 2. Trials— motion for new trial—motion for relief from order—negligence

The trial court did not abuse its discretion by denying defendants' motion for relief from the trial court's order granting a new trial on plaintiff's negligence claim, because the Court of Appeals already concluded the trial court did not abuse its discretion in ordering the new trial.

### 3. Negligence— contributory—request for jury instruction

Although defendants contend the trial court erred in a negligence case by refusing to allow defendants' request for a jury instruction on contributory negligence, it is unnecessary to address this assignment of error since the trial court ordered a new trial.

Appeal by defendants from judgment entered 20 October 2000 by Judge Hollis M. Owens, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 28 March 2002.

*Downer, Walters & Mitchener, PA, by Stephen W. Kearney and Joseph H. Downer for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, LLP, by Allen C. Smith for defendants-appellants.*

THOMAS, Judge.

Defendants, Paul M. Bolton and Valerie A. Hood, appeal the trial court's order for a new trial on plaintiff's negligence claim after the jury had returned a verdict in their favor. For the reasons discussed herein, we find no error.

The facts are as follows: Plaintiff, Joyce Ann Roary, was a passenger on a motorcycle operated by Bolton and owned by Hood. During the ride, Bolton failed to negotiate a curve and crashed the motorcycle. Plaintiff sustained injuries to her neck, back, and legs.

Roary filed a complaint for damages against defendants based on negligence. Defendants answered and alleged assumption of risk and contributory negligence. The jury returned a verdict for defendants but then the trial court, stating that "the Jury's verdict in the trial of this matter was contrary to the overwhelming evidence of negligence presented by Plaintiff in the trial of this case," granted Roary's motion for a new trial.

Defendants moved for relief from the order allowing the new trial. Their motion was denied.

[1] By defendants' first assignment of error, they argue the trial court abused its discretion in allowing Roary's motion for a new trial after the jury returned a verdict in their favor. We disagree.

"An abuse of discretion occurs when the trial court's ruling 'is so arbitrary that it could not have been the result of a reasoned decision.' " *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997), *disc. review denied*, 347 N.C. 670, 500 S.E.2d 84 (1998) (*quoting White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

Pursuant to Rule 59 of the North Carolina Rules of Civil Procedure, trial judges may grant a motion for a new trial under certain circumstances. In the instant case, the trial court based awarding the new trial on two grounds: (1) manifest disregard by the jury of the instructions of the court; and (2) the verdict was contrary to law. *See* N.C. Gen. Stat. § 1A-1, Rules 59(a)(5) and (7) (1999). Granting a motion for a new trial under Rule 59 is directed to the discretion of the trial court. *Penley v. Penley*, 314 N.C. 1, 332 S.E.2d 51 (1985). The trial court's ruling will thus not be disturbed upon appeal without a finding of abuse of discretion. *State ex rel. Gilchrist v. Cogdill*, 74 N.C. App. 133, 327 S.E.2d 647 (1985). We turn now to a consideration of the record to determine if it affirmatively demonstrates a manifest abuse of discretion. *See Worthington v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982).

Roary presented evidence that Officer W.J. Wiktorek of the Charlotte-Mecklenburg Police Department estimated Bolton to be

operating the motorcycle at 80 m.p.h. in a 45 m.p.h. speed zone when he first saw him. Wiktorek followed the motorcycle, although he was not "in pursuit." He estimated that Bolton's speed eventually reached 120 m.p.h. After losing sight of the motorcycle, Wiktorek continued down the street and spotted Roary, bleeding, in the middle of the road, fifty feet from the wrecked motorcycle. Bolton was found in a ditch approximately fifteen feet from Roary.

Wiktorek asked Bolton what had happened. Bolton's reply was simply that "the weight shifted." Wiktorek estimated the motorcycle was doing 90 m.p.h. when it crashed, but he did not issue any citations.

Roary testified that while she was riding with Bolton, he began to speed up and she asked him why he was speeding. When he replied, "Don't worry about it, don't worry about it," Roary became afraid and held on tightly. Bolton continued to speed and ran a red light. With a curve then looming ahead, Bolton slowed down, but the motorcycle tipped over and both Roary and Bolton were dragged with it.

Roary also testified at length about her injuries, which included scarring and back pain. The jury watched a videotaped deposition of Dr. James Sherrer, a plastic surgeon, and heard the testimony of Dr. William Carlyle, a chiropractor, as to Roary's injuries and treatment. She also presented evidence of actual and prospective medical bills totaling $8,545 and lost wages of approximately $3,400.

At the close of Roary's evidence, defendants, who did not put on evidence, moved for a directed verdict. The trial court denied the motion. Defendants then requested a jury instruction on contributory negligence. The trial judge stated the "evidence [did] not warrant the submission of an issue of contributory negligence[.]" The trial judge instructed the jury on negligence, proximate cause, and damages. In the face of the uncontroverted evidence of negligence, though, the jury returned a verdict in favor of defendants.

The issues, as they were presented to the jury, and the jury's responses were:

1. Was the Plaintiff injured by the negligence of the Defendant?

ANSWER: No

2. What amount of damages is the Plaintiff entitled to recover for her personal injuries?

ANSWER: ___ [Not Answered]

In reviewing this record, we find no manifest abuse of discretion. The trial court had ample grounds on which to base its ruling. *See Garrison v. Garrison*, 87 N.C. App. 591, 361 S.E.2d 921 (1987) (where the trial court's grant of new trial in negligence case was upheld when jury found for defendant, who presented no evidence, in face of plaintiff's evidence as to her injuries). Consequently, the decision of the trial court will not be disturbed and we reject defendants' argument.

[2] By defendants' second assignment of error, they argue the trial court abused its discretion in denying their motion for relief from the order allowing the new trial. Because we have held the trial court did not abuse its discretion in ordering the new trial, we reject this assignment of error as well.

[3] By defendants' third assignment of error, they contend: (1) the trial court committed reversible error in refusing to allow their request for a jury instruction on contributory negligence; and (2) that this Court should direct the trial court to instruct the jury on contributory negligence on remand. We disagree.

Here, we affirm the trial court's order for a new trial. Therefore, it is not necessary or appropriate for us to address the first part of this assignment of error. Additionally, in *Burchette v. Lynch*, 139 N.C. App. 756, 535 S.E.2d 77 (2000), this Court held that:

> When a trial court orders a new trial, "the case remain[s] on the civil issue docket for trial *de novo*, unaffected by rulings made therein during the [original] trial[.]" . . . [O]n retrial, [a] defendant would not be "bound by the evidence presented at the former trial. Whether [his] evidence at the new trial will support [a motion for directed verdict] cannot now be decided."

*Id.* at 760-61, 535 S.E.2d at 80 (citations omitted). We therefore reject defendants' argument.

NO ERROR.

Judges MARTIN and TYSON concur.