An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-446

Filed 18 March 2026

Carteret County, No. 21CVS000378-150

JAMES PATTERSON and JENNIFER PATTERSON, Plaintiffs,

v.

S&S PROPERTY RESTORATION, LLC and ROBERT SLUIK, Defendants.

Appeal by defendants from order entered 6 December 2024 by Judge Clinton Rowe in Carteret County Superior Court. Heard in the Court of Appeals 18 November 2025.

> *Harris, Creech, Ward & Blackerby, P.A., by Jay C. Salsman, and Wall Templeton & Haldrup, P.A., by Peyton D. Mansure, for defendants-appellants.*

> *Stewart, Schmidlin, Bullock, & Gourley, by Walter A. Schmidlin, III, for plaintiffs-appellees.*

DILLON, Chief Judge.

This appeal seeks to overturn the trial court's order declaring a mistrial based upon purported misconduct by defense counsel. For the reasoning below, we dismiss this appeal as interlocutory.

I.     Background

James and Jennifer Patterson ("Plaintiffs") initiated a civil action on 20 April 2021 against S&S Property Restoration and Robert Sluik ("Defendant") for breach of contract, negligence fraud, civil conspiracy, and violations of N.C.G.S. § 75-1.1(2025). The trial began on 28 October 2024, and on 5 November 2024, the trial court *sua sponte* declared a mistrial.

## II. Analysis

An order of mistrial is not a final judgment. *See Burchette v. Lynch*, 139 N.C. App. 756, 760 (2000) (stating a mistrial is the nullification of a pending jury trial, and when the trial court orders a new trial), *see also Goldston v. Wright*, 257 N.C. 279, 280 (1962) (stating "the case remain[s] on the civil issue docket for trial *de novo,* unaffected by rulings made therein during the [original] trial").

"Interlocutory orders and judgments are those made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court to settle and determine the entire controversy." *Sharpe v. Worland*, 351 N.C. 159, 161 (1999) (citation omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Id.*

When an order is interlocutory, immediate appeal may be available when the trial court certifies the order for immediate appeal under Rule 54(b), *DKD Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585 (1998), or when the interlocutory order affects a substantial right, *Bowden v. Latta*, 337 N.C. 794, 796 (1994). Here, there is no Rule 54(b) certification, therefore we only analyze this interlocutory order to

determine if a substantial right was affected.

An interlocutory order affects a substantial right if it "deprive[s] the appealing party of a substantial right which will be lost if the order is not reviewed before a final judgment is entered." *Cook v. Bankers Life & Cas. Co.,* 329 N.C. 488, 491 (1991). "Essentially a two-part test has developed—the right itself must be substantial, and the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.,* 326 N.C. 723, 726 (1990). Our Supreme Court defined substantial right as "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a [person] is entitled to have preserved and protected by law: a material right." *Oestreicher v. American Nat. Stores, Inc.*, 290 N.C. 118, 130 (1976).

Here, Defendants argue this order deprives them of a substantial right because the order includes accusations of serious misconduct, and if "uncorrected," it will deprive Defendants of a fair opportunity to oppose sanctions because the order is "de facto a sanctions ruling." However, although there is a current outstanding motion for sanctions against Defendants' counsel, the order itself did not impose any sanctions. Because Defendants fail to provide any argument they will lose a substantial right absent immediate review, as defined in *Oestreicher*, this order does not qualify for an immediate appeal. *Id.*, at 130.

III.    Conclusion

- 3 -

The order is interlocutory, and Defendants failed to meet the burden to show a substantial right was violated absent immediate review. This appeal is dismissed.

DISMISSED.

Judges STROUD and TYSON concur.

Report per Rule 30(e).