STATE OF NORTH CAROLINA v. PAT WELLS

No. 844SC542

(Filed 5 March 1985)

**Criminal Law § 40.2— denial of continuance to obtain transcript of first trial—improper**

The trial court erred by denying defendant's motion for a continuance so that he could obtain a transcript of his first trial, which ended with a deadlocked jury, when the court did not find that the transcript was necessary for the preparation of an effective defense or that an alternative device was available, and where the court denied the motion in part upon an erroneous belief that the State was not required to furnish the indigent defendant with a transcript.

APPEAL by defendant from *Llewellyn, Judge.* Judgments entered 8 December 1983 in Superior Court, ONSLOW County. Heard in the Court of Appeals 7 February 1985.

Defendant was charged in proper bills of indictment with two counts of assault with a deadly weapon upon a fireman and two counts of assault with a deadly weapon upon a law enforcement officer. Defendant was brought to trial during the 28 November 1983 session of Onslow County Superior Court. On 1 December 1983, Judge Lane declared a mistrial because the jury was deadlocked. The trial was rescheduled for 5 December 1983, over defendant's objection. Defendant then filed a written motion to continue so that he could obtain a transcript of the first trial. In the motion defendant alleges that the transcript was necessary to adequately prepare his defense. According to an affidavit in the record, filed by defendant's trial counsel, the trial judge inquired whether the indigent defendant was able to pay for the transcript. When he received a negative response, he orally stated that the State was under no obligation to provide defendant the transcript, and he further stated that to deny defendant the transcript would not prejudice him. Thereupon, he denied defendant's motion.

Defendant was convicted of three counts of misdemeanor assault with a deadly weapon and one count of felonious assault with a deadly weapon upon a law enforcement officer. From judgments entered upon the verdict, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

ARNOLD, Judge.

Defendant contends the court erred in denying his motion to continue, because the ruling denied him the opportunity to obtain a transcript of his first trial in violation of his right to equal protection under the law. We agree, and award defendant a new trial.

Ordinarily a motion to continue is addressed to the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of discretion. If the motion is based on a right guaranteed by the federal and state constitutions, however, the issue is one of law, not discretion, and is reviewable on appeal. *State v. Davis*, 61 N.C. App. 522, 300 S.E. 2d 861 (1983). The issue presented here is one of law because the State must, as a matter of equal protection, provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. *Britt v. North Carolina*, 404 U.S. 226, 30 L.Ed. 2d 400, 92 S.Ct. 431 (1971). *Britt* does not require that a free transcript of a prior trial must always be provided, however, when the trial court acts in such a manner so as to deny an indigent defendant a transcript it must determine (1) whether the transcript is necessary for the preparation of an effective defense and (2) whether there are alternative devices available to the defendant which are substantially equivalent to a transcript. *State v. Rankin*, 306 N.C. 712, 295 S.E. 2d 416 (1982). Neither the record nor the transcript of the trial contains any indication that the trial court found the transcript was not necessary for the preparation of an effective defense, or that an alternative device was available which was the substantial equivalent to a transcript. In fact, the record tends to show that the trial court denied the motion based, at least in part, upon an erroneous belief that since defendant was indigent and could not pay for a transcript, the State was not required to furnish him one, and, therefore, there was no reason to grant a continuance. Based upon the record before us, we are compelled to find the court rul-

ing denying defendant a continuance without the findings required by our Supreme Court in *Rankin, supra*, was a violation of defendant's equal protection rights under the Fourteenth Amendment to the Constitution. We, therefore, award defendant a new trial.

Having determined that defendant is entitled to a new trial, we deem it unnecessary to discuss the other issues raised by this appeal.

New trial.

Judges EAGLES and PARKER concur.