STATE OF NORTH CAROLINA v. JOHN FRANCIS HOGAN, III

No. 165A87

(Filed 9 March 1988)

1. **Criminal Law § 128.2— evidence of prior charge against defendant—mistrial not required**

    The trial court in a felony murder case did not err in denying defendant's motion for a mistrial when a detective testified that he had gotten information about an unspecified previous charge against defendant in Maryland, although such testimony was improper under N.C.G.S. § 8C-1, Rule 404(b), where the trial court sustained defendant's objection and instructed the jury to disregard the incompetent evidence, and where the evidence could not have resulted in

substantial and irreparable prejudice to defendant's case in light of his confession and the corroborating evidence that supported it. N.C.G.S. § 15A-1061.

**2. Criminal Law § 102.6— prosecutor's jury argument—no appeal to base decision on community sentiment**

The prosecutor's jury argument in this first degree murder case did not improperly appeal to the jury to decide the case based on community sentiment but appears to urge that cases should be decided on the evidence and the rule of law rather than on the sympathies of juries. Therefore, the trial court did not abuse its discretion in allowing such argument.

APPEAL of right pursuant to N.C.G.S. § 7A-27(a) (1986) from a judgment of life imprisonment entered by *Tillery, J.,* at the 3 November 1986 Criminal Session of Superior Court, NEW HANOVER County. Heard in the Supreme Court 8 February 1988.

*Lacy H. Thornburg, Attorney General, by Edwin M. Speas, Jr., Special Deputy Attorney General, and Thomas J. Ziko, Associate Attorney General, for the State.*

*Robin E. Hudson for defendant-appellant.*

WHICHARD, Justice.

Defendant was convicted of first degree murder and armed robbery. Because the armed robbery was the predicate felony for the first degree murder conviction on the basis of felony murder, the trial court arrested judgment on the armed robbery conviction. Defendant appeals from a judgment imposing a sentence of life imprisonment on the murder conviction. We find no error.

Victor Hough, the victim, was the night manager at a gas station in Wilmington. Defendant worked the day shift at the station as a mechanic. On the morning of 16 November 1985 an employee of the station found Hough's dead body across a chair in the station's back office. There were seven gunshot wounds in Hough's head, two of which were probably made at point-blank range. Seven .22 caliber casings were beside the body. Approximately $1,500-2,000 was missing from the station.

Defendant continued to work at the station until it closed on 19 February 1986. Sometime before 12 May 1986, he was arrested in Florida. While in custody, defendant confessed that he had killed Hough. He was returned to Wilmington, and in the next few days he again admitted to the killing. He stated the following:

He was addicted to cocaine and had been stealing from the station to support his habit. On the day of the crime, he had taken some drugs in his home and was "high." His wife, who also worked at the station, was upset when she discovered that he had used all the drugs in their home. She told defendant that there was about $2,000 at the station, and she suggested that they rob the station to get money to buy cocaine.

Defendant's wife drove him to the station. He found Hough in the back office and demanded money from him. After a short conversation Hough grabbed for the .22 caliber rifle defendant was carrying, and the rifle went off. Defendant claimed that the rifle was an automatic "and it just keeps shooting" when you pull the trigger down. Defendant stated that he then grabbed the money and returned to the car.

Defendant and his wife subsequently drove to a fishing hole where they threw into the water the rifle, the clothes defendant had worn, and $300 in bills with blood on them. When police officers searched the fishing hole, they found two boots and a .22 caliber rifle. An S.B.I. agent, who qualified as an expert in firearms and tool mark identification, testified that the seven cartridge casings found at the crime scene had been fired from the rifle that was recovered from the water. The bullets removed from the victim's body were so deformed that the expert was unable to determine whether they were fired from this rifle. He testified that although the next round was chambered automatically every time the trigger was pulled, the trigger had to be squeezed anew each time in order to fire the newly loaded round.

The jury considered possible verdicts of first degree murder "[o]n the basis of malice, premeditation and deliberation," first degree murder "[u]nder the first degree felony murder rule," and second degree murder. It returned a verdict of guilty of first degree murder under the felony murder rule. Following a capital sentencing hearing, the jury found as an aggravating circumstance that the murder was committed for pecuniary gain. N.C.G.S. § 15A-2000(e)(6) (1983). It found as mitigating circumstances that (1) the murder was committed while defendant was under the influence of mental or emotional disturbance, and (2) the capacity of defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law

was impaired. N.C.G.S. § 15A-2000(f)(2), (6) (1983). It then found that the aggravating circumstance was not sufficiently substantial, when considered with the mitigating circumstances, to call for the imposition of the death penalty. It recommended a sentence of life imprisonment, and judgment was entered accordingly.

[1] Tony Richardson, a detective with the Wilmington Police Department, investigated the Hough murder. During the investigation he flew to Pensacola, Florida to meet with defendant. During his testimony for the State, Richardson stated, in response to a question on direct examination as to what he had said to defendant on that occasion:

> Well[,] basically I told him I had been doing a lot of leg work on the case. I had been up to his former residence . . . and gather[ed] some .22 cases that I was going to send to the lab to be compared with the ones we found at the crime scene. *I told him that I had gotten some information from Maryland about where he had previously been charged in Maryland.*

(Emphasis supplied.) Defense counsel immediately objected. The trial court sustained the objection "as to any previous charge" and instructed the jury not to consider it. Defense counsel then moved for a mistrial, which was denied. He renewed the motion at the end of the State's evidence, and it was again denied. Defendant assigns error to the denial of this motion.

A trial court "must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings . . . resulting in substantial and irreparable prejudice to the defendant's case." N.C.G.S. § 15A-1061 (1983).

> It is well settled that the decision of whether to grant a mistrial rests in the sound discretion of the trial judge and will not be disturbed on appeal absent a showing of an abuse of discretion. . . . [A] trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision.

*State v. Barts*, 316 N.C. 666, 682, 343 S.E. 2d 828, 839 (1986) (citations omitted). "Where a trial court sustains an objection to in-

competent evidence and instructs the jury to disregard it, the refusal to grant a mistrial based on the introduction of the evidence will ordinarily not constitute an abuse of discretion." *Id.* at 684, 343 S.E. 2d at 840.

Here, the trial court sustained defendant's objection and instructed the jury to disregard the incompetent evidence. There was no indication as to the nature of the charge against defendant in Maryland or as to whether he had been convicted of it. Defendant's confession, together with the corroborating evidence produced by the officers' investigation of the fishing hole into which he stated that he had thrown the rifle and other incriminating evidence, made out a substantial case for his guilt. Under these circumstances, Detective Richardson's statement about an unspecific previous charge against defendant in Maryland, while improper under N.C.G.S. § 8C-1, Rule 404(b), could not have resulted in "substantial and irreparable prejudice to the defendant's case." N.C.G.S. § 15A-1061 (1983). We thus find no abuse of discretion in the denial of defendant's motion for mistrial.

[2] Defendant further contends that the trial court erred in overruling his objection to the following portion of the District Attorney's closing argument:

> This is serious business. This is cold blooded, premeditated, deliberate murder and even though you as the jury have the power to go out of this courtroom and to deliberate and to come back in here with a verdict of something less than that [*i.e.,* first degree murder], you ought not to do it. You ought not to do it based on this evidence, because in the future there are going to be other people tried in this county for first degree murder and if you let sympathy or passion or whatever stand in the place of evidence, in place of the truth, then we won't know how to administer the rule of law, the law in that red book. It won't have any meaning whatsoever. The faith [sic] of future people charged with first degree murder will be based on what jurors they had and how sympath[et]ic they are; whether or not they like the looks of the defendant or not; whether or not the lawyers made fancy arguments. That is not why I am here. I told you when I picked you as jurors, I am not here—it is not my duty to get up here and convince you by smart argument. That is not my job and if that was my job I wouldn't have this job.

He argues that the prosecutor was improperly appealing to the jury to decide the case based on community sentiment rather than on the evidence presented. *See State v. Scott,* 314 N.C. 309, 333 S.E. 2d 296 (1985) (argument that "there's a lot of public sentiment . . . against driving and drinking, causing accidents on the highway" improper because it went outside the record and appealed to the jury to convict the defendant because impaired drivers had caused other accidents, and because it could only be construed as an appeal to convict based on community demands).

Counsel are allowed wide latitude in arguments to the jury. *State v. Miller,* 315 N.C. 773, 780, 340 S.E. 2d 290, 294 (1986). The determination of whether this privilege has been abused rests within the sound discretion of the trial court, and absent such gross impropriety in the argument as would be likely to influence the jury's verdict, this Court will not disturb the trial court's discretionary ruling. *Id.*

The District Attorney here specifically advocated a decision based on the evidence; he stated that *"based on this evidence," i.e.,* the evidence presented in the case, the jury should not return a verdict of less than guilty of first degree murder. (Emphasis supplied.) He specifically asked the jury not to allow "sympathy or passion or whatever [to] *stand in the place of evidence."* (Emphasis supplied.) In context, the argument appears to urge that cases should be decided on the evidence and the rule of law rather than on the sympathies of jurors. We thus find no gross impropriety in the argument that would warrant a holding that the trial court abused its discretion in allowing it.

Further, in light of defendant's confession and the corroborating evidence that supported it, we consider it highly unlikely that the argument influenced the jury's verdict. This assignment of error is therefore overruled.

We find that defendant had a fair trial, free from prejudicial error.

No error.