STATE OF NORTH CAROLINA v. MOSES ALFONZO HARRIS

No. COA08-1086

(Filed 21 July 2009)

### 1. Trials— mistrial—exclusion of prior arrest evidence—new trial unaffected by rulings in original trial

The trial court did not commit plain error or err in a possession with intent to sell or deliver cocaine case by allowing a detective to testify about defendant's 2005 arrest under N.C.G.S. § 8C-1, Rule 404(b) because: (1) although defendant contends the trial judge in the 2007 trial excluded the Rule 404(b) evidence and thus the trial judge in the 2008 trial was bound by that ruling, there can be no prior binding evidentiary rulings when defendant is tried again following a mistrial; and (2) neither the doctrine of collateral estoppel nor the one judge overruling another rule applied after the 2007 trial court declared a mistrial.

### 2. Trials— mistrial—failure to order complete recordation— new trial unaffected by rulings in original trial

The trial court did not commit plain error or err in a possession with intent to sell or deliver cocaine case by failing to order complete recordation of the 2008 trial even though defendant was granted this motion in the 2007 trial because a new trial is unaffected by rulings made during the original trial when a mistrial is declared and a new trial is ordered.

**3. Costs— trial transcripts—indigent defendant**

The trial court did not err as a matter of law in a possession with intent to sell or deliver cocaine case by ordering as a condition of post-release supervision that an indigent defendant was required to reimburse the State for its costs incurred in providing him with a transcript of the 2007 trial and any future transcripts because: (1) N.C.G.S. § 7A-455(b) provides that fees may be collected for the money value of services rendered by assigned counsel, the public defender, or the appellate defender, plus any sums allowed for other necessary expenses of representing the indigent person; and (2) N.C.G.S. § 7A-304 provides that the cost of necessary trial transcripts are included in costs that may be collected from a defendant who is convicted.

Appeal by defendant from judgment entered 24 April 2008 by Judge Judson D. DeRamus, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 25 March 2009.

*Attorney General Roy Cooper, by Special Deputy Attorney General T. Lane Mallonee, for the State.*

*Sofie W. Hosford for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Defendant appeals his conviction of possession with intent to sell or deliver cocaine. He argues that the trial court erred in admitting evidence, under N.C. Gen. Stat. § 8C-1, Rule 404(b), of his 2005 arrest for the same offense. For the reasons stated herein, we find no error.

## I. Background

On the evening of 18 January 2007, Officers Michael C. Knight, Christopher Luper, and Richard Workman (collectively "the officers") of the Winston-Salem Police Department were on patrol in an unmarked vehicle in the Easton Community of Forsyth County. At approximately 11:45 p.m., the officers approached the intersection of Easton Drive and Louise Road, where defendant and another male were standing. Defendant, holding something in his left hand, walked towards the officers' vehicle, waived his right hand, and yelled, "Yo! Yo! I got it." When Officer Knight and Officer Workman stepped out of the car in their police uniforms, defendant looked "shocked" and ran away. While Officer Knight and Officer Workman ran after

defendant, they saw him throw something toward a nearby tree. Officer Workman stopped at the tree and discovered four plastic bags, which collectively contained 2 grams of cocaine base, otherwise known as crack cocaine. Officer Knight continued to chase the defendant until Officer Luper intercepted and placed defendant under arrest. Defendant was indicted on charges of possession with intent to manufacture, sell, or deliver cocaine in violation of N.C. Gen. Stat. § 90-95(a)(1), resisting a public officer in violation of N.C. Gen. Stat. § 14-223, and of attaining the status of an habitual felon in violation of N.C. Gen. Stat. § 14-7.1.

Defendant was assigned counsel on 22 January 2007. On 22 August 2007, Judge W. Douglas Albright granted defendant's motion to have his court-appointed counsel removed, and defendant waived his right to assigned counsel.

### September 2007 Trial

Defendant appeared *pro se* for trial on 10 September 2007 ("2007 trial"), and Judge Henry E. Frye, Jr., presided. Judge Frye granted defendant's motion under N.C. Gen. Stat. § 15A-1241(b) to record all of the proceedings.

During the 2007 trial, the State tendered evidence of defendant's 2005 arrest for possession with intent to sell and deliver cocaine. The State presented the *voir dire* testimony of Detective T.D. James ("Detective James"), of the Winston-Salem Police Department, pursuant to N.C. Gen. Stat. § 8C-1, Rule 404(b) ("Rule 404(b)"), to show defendant's intent to possess cocaine, knowledge of cocaine, and absence of mistake. Detective James testified that on 7 April 2005, he was working undercover about a block away from the intersection of Easton Drive and Louise Road, when he approached defendant and asked where he could get some crack. Defendant asked how much he needed, and Detective James told him he wanted, "a yard," a term used to describe $100.00 of crack cocaine. Defendant said, "I got it" and reached into his pockets, at which point Detective James identified himself and arrested defendant. Upon his arrest, the police seized four pieces of individually wrapped crack cocaine from defendant. Judge Frye, in his discretion, excluded Detective James' testimony and found that the circumstances of defendant's 2005 arrest were not sufficiently similar to the circumstances of the current case to be admitted for purposes of Rule 404(b). Judge Frye expressed his concern that the jury might misinterpret the evidence to show defendant's propensity to commit the crime.

The jury found defendant guilty of resisting a public officer but was deadlocked on the charge of possession with intent to sell or deliver cocaine. Judge Frye declared a mistrial on that charge and continued judgment for resisting a public officer.

### April 2008 Trial

On 22 April 2008, defendant was retried on the charges of possession with intent to sell or deliver cocaine and attaining the status of an habitual felon. Judge Judson D. DeRamus, Jr., presided. Defendant appeared *pro se* and waived his right to court-appointed counsel.

The State introduced Detective James' *voir dire* testimony, which Judge Frye had excluded in the 2007 trial, and defendant objected. Judge DeRamus asked defendant what the basis of his objection was, and defendant replied, "It don't have nothing to do with this case." After reviewing the transcript of Detective James' testimony, Judge DeRamus allowed the evidence under Rule 404(b) to show intent, knowledge, and lack of mistake. At the end of the trial, Judge DeRamus gave the following instructions to the jury:

> [E]vidence has been received tending to show that on or about April 7, 2005, the defendant was arrested in a nearby area, near to the area involved in this particular matter, and was found in possession of cocaine and willing to sell or deliver it at that time. [T]his evidence was received solely for the purpose of showing that the defendant had the intent which is a necessary element of the crime charged in this case, and that the defendant had the knowledge which is a necessary element of the crime charged in this case, and that there was an absence of mistake.

On 23 April 2008, the jury found defendant guilty of possession with intent to sell or deliver cocaine and of attaining the status of an habitual felon. For sentencing purposes the trial court consolidated the charges with defendant's conviction for resisting a public officer. Judge DeRamus sentenced defendant to 130 to 165 months' imprisonment and ordered that, as a condition of post-release supervision, defendant must reimburse the State for the costs it incurred in providing defendant with the 2007 trial transcript as well as any future transcript or attorney expenses. Defendant appeals.

### II. Rule 404(b) Evidence

[1] Defendant assigns error to Judge DeRamus's ruling that allowed Detective James to testify about defendant's 2005 arrest under Rule

404(b). First, defendant argues that Judge DeRamus was bound by Judge Frye's evidentiary ruling in the 2007 trial, excluding his 2005 arrest. Second, he claims that the evidence is barred under the doctrine of collateral estoppel. We do not agree.

A. Standard of Review

In order to preserve an evidentiary question for appellate review, the party must have presented the trial court with a timely request, objection, or motion, stating the specific grounds for the ruling sought, if the specific grounds are not apparent. N.C. R. App. P. 10(b)(1) (2009). Defendant objected to the admission of evidence of his 2005 arrest, but it was only on grounds of relevance. At trial, defendant did not argue collateral estoppel nor did he assert that one superior court judge cannot overrule another. These objections not being raised at the trial level cannot be raised for the first time on appeal. The objections have not been preserved.

We review only for plain error. N.C. R. App. P. 10(c)(4). Plain error has been defined as " '*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir.), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)). We must apply the plain error rule "cautiously and only in the exceptional case where . . . the error ' "has resulted in a miscarriage of justice or in the denial to appellant of a fair trial[.]" ' " *State v. Morgan*, 315 N.C. 626, 645, 340 S.E.2d 84, 96 (1986) (citations omitted). Before there can be plain error, there must be an error of law in the admission of defendant's 2005 arrest. *See State v. Allen*, 360 N.C. 297, 310, 626 S.E.2d 271, 282, *cert. denied*, 549 U.S. 867, 166 L. Ed. 2d 116 (2006).

B. Judge Frye's Ruling

Defendant argues that, because Judge Frye excluded the Rule 404(b) evidence in the 2007 trial, Judge DeRamus was bound by that ruling in the 2008 trial. " '[N]o appeal lies from one Superior Court judge to another . . . one Superior Court judge may not correct another's errors of law . . . [and] may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.' " *Smithwick v. Crutchfield*, 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987) (quoting *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972)). However, this rule does not apply to evidentiary rulings made prior to the declaration of a mistrial.

Defendant relies on *State v. Dial*, 122 N.C. App. 298, 470 S.E.2d 84, *disc. review denied, cert. denied*, 343 N.C. 754, 473 S.E.2d 620 (1996), in support of his contention. In *Dial*, the defendant was on trial for first-degree murder, and the issue of whether North Carolina had jurisdiction was submitted to the jury. *Id.* at 302, 470 S.E.2d at 87. The jury returned a special verdict finding that North Carolina had jurisdiction, but was deadlocked on the charge of first-degree murder. *Id.* The trial court entered the jury's verdict on jurisdiction and declared a mistrial on the first-degree murder charge. *Id.* At the defendant's second trial, his motion to set aside the verdict finding jurisdiction was denied, and he was found guilty of second-degree murder. *Id.* at 304-05, 470 S.E.2d at 88. The defendant appealed and argued that in his second trial, the trial court was not bound by the special verdict of jurisdiction from his previous trial. *Id.* at 305, 470 S.E.2d at 88. We concluded that principles of res judicata and collateral estoppel precluded the defendant from relitigating jurisdiction at his second trial, even though there was a mistrial on the issue of the defendant's guilt or innocence. *Id.* at 306, 470 S.E.2d at 89. However, the holding of *Dial* is limited to verdicts entered and does not apply to evidentiary rulings.

There can be no prior binding evidentiary rulings when defendant is tried again following a mistrial. When the trial court declares a mistrial, "in legal contemplation there has been no trial." *State v. Sanders*, 347 N.C. 587, 599, 496 S.E.2d 568, 576 (1998) (quoting *State v. Tyson*, 138 N.C. 627, 629, 50 S.E. 456, 456 (1905)), *appeal dismissed,* 230 F.3d 679 (4th Cir. 2000), *cert. denied*, 534 U.S. 862, 151 L. Ed. 2d 95 (2001). When a defendant's trial results in a hung jury and a new trial is ordered, the new trial is " '[a] trial *de novo*, unaffected by rulings made therein during the [original] trial.' " *Burchette v. Lynch*, 139 N.C. App. 756, 760, 535 S.E.2d 77, 80 (2000) (quoting *Goldston v. Wright*, 257 N.C. 279, 280, 125 S.E.2d 462, 463 (1962)); *see also Akzona, Inc. v. Southern Railway Co.*, 314 N.C. 488, 495, 334 S.E.2d 759, 763 (1985) (holding that upon a new trial, a plaintiff "is not bound by the evidence presented at the former trial.")

When Judge Frye declared a mistrial on the charge of possession with intent to sell or deliver cocaine, his evidentiary rulings on the 404(b) evidence no longer had legal effect. Accordingly, neither the doctrine of collateral estoppel nor the one judge overruling another rule can apply to this ruling. *See State v. Summers*, 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000) (requiring that for collateral estoppel to apply the issue be "actually litigated in the prior action[.]") We hold that

Judge DeRamus's discretion was not limited, and he did not err by failing to follow Judge Frye's prior discretionary ruling on the admissibility of the Rule 404(b) evidence. Because we find no error of law, our plain error analysis need go no further.

### III. MOTION FOR COMPLETE RECORDATION

[2] Defendant assigns error to Judge DeRamus's failure to order complete recordation of the 2008 trial. Prior to the 2007 trial, Judge Frye granted defendant's motion to record all proceedings, pursuant to N.C. Gen. Stat. § 15A-1241(b), specifically including jury selection, opening and closing arguments, and arguments of counsel on questions of law. *See* N.C. Gen. Stat. § 15A-1241(b) (2007). Defendant argues that Judge DeRamus was required to follow Judge Frye's order to record all of the proceedings. We do not agree.

As discussed above, when a mistrial is declared and a new trial is ordered, the new trial is unaffected by rulings made during the original trial. *Burchette*, 139 N.C. App. at 760, 535 S.E.2d at 80. As Judge DeRamus was not bound by any of Judge Frye's rulings in the 2007 trial, he did not err by failing to comply with Judge Frye's order for complete recordation. We overrule this assignment of error.[1]

### IV. ORDER TO REIMBURSE THE STATE FOR TRANSCRIPTS

[3] Defendant contends that the trial court erred as a matter of law by ordering that as a condition of post-release supervision, defendant must reimburse the State for its costs incurred in providing him with a transcript of the 2007 trial and any future transcripts. Defendant argues that, as an indigent criminal defendant, he is entitled to a transcript at the expense of the State. We do not find error.

As a question of law, we review de novo. *State v. Wells*, 73 N.C. App. 329, 330, 326 S.E.2d 129, 131 (1985). "[T]he State must, as a matter of equal protection, provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Id.* (quoting *Britt v. North Carolina*, 404 U.S. 226, 30 L. Ed. 2d 400 (1971)).

Here, the State provided defendant with the transcript of the 2007 trial. Defendant's claim that the trial court lacks the authority to order an indigent defendant to reimburse the State for the costs of trial transcripts is incorrect. N.C. Gen. Stat. § 7A-455(b) provides that:

---

1. Because we overrule the assignment of error, we need not address whether defendant properly preserved this issue for appellate review.

In all cases the court shall direct that a judgment be entered in the office of the clerk of superior court for the money value of services rendered by assigned counsel, the public defender, or the appellate defender, *plus any sums allowed for other necessary expenses of representing the indigent person,* including any fees and expenses that may have been allowed prior to final determination of the action to assigned counsel[.]

N.C. Gen. Stat. § 7A-455(b) (2007) (emphasis added). N.C. Gen. Stat. § 7A-304 provides that "[the] cost of necessary trial transcripts" are included in costs that may be collected from a defendant who is convicted. N.C. Gen. Stat. § 7A-304(a),(c) (2007). Accordingly, the trial court did not err in ordering defendant, as a condition of post-release supervision, to reimburse the State for its costs incurred for the 2007 trial transcript and any future transcripts.

## V.  CONCLUSION

For the abovementioned reasons, we find no error in defendant's trial.

No error.

Judges HUNTER, Robert C., and CALABRIA concur.