An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e   P r o c e d u r e .

NO. COA13-1203
NORTH CAROLINA COURT OF APPEALS

Filed:  20 May 2014

STATE OF NORTH CAROLINA

    v.

MARVA DENYSE GILLIS,
    Defendant.

Cabarrus County
No. 09 CRS 003474

Appeal by defendant from judgment entered 5 June 2013 by Judge Tanya T. Wallace in Cabarrus County Superior Court.  Heard in the Court of Appeals 17 February 2014.

    *Roy Cooper, Attorney General, by J. Joy Strickland, Assistant Attorney General, for the State.*

    *Jon W. Myers, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant Marva Denyse Gillis appeals from a judgment entered upon a jury verdict finding her guilty of impaired driving.  For the reasons stated herein, we find no error in defendant's trial.

On 11 April 2009, defendant was arrested for impaired driving in violation of N.C.G.S. § 20-138.1.  The first trial in

this case took place during the 7 March 2011 criminal session of Cabarrus County Superior Court. Defendant filed three separate motions to suppress evidence related to her detention and arrest. After an evidentiary hearing, the trial court entered a written order on 8 March 2011, denying defendant's motions to suppress evidence. The case proceeded to trial, and after retiring for deliberations, the jury deadlocked and could not reach a verdict. The trial court, therefore, declared a mistrial on 10 March 2011.

The second trial in this case began on 4 June 2013. Before jury selection, defendant requested permission to personally address the trial court. Although defendant was represented by appointed counsel, the court nonetheless allowed her request. Defendant asked for a continuance in order to allow for the opportunity to file new pretrial motions which her counsel had failed to file. In addition, defendant requested that the court either order her counsel to provide effective assistance or appoint substitute counsel. In response, the court stated that all of the pretrial motions had been ruled upon in the previous trial, and the court agreed with the State that defendant was thus not entitled to file new pretrial motions. The court then denied defendant's motion for a continuance, informed defendant that only her counsel could speak to the court on her behalf,

and stated that anyone who made mention of the previous trial risked being found in contempt of court.

Despite the court's threat of contempt, Sergeant Timothy Russell made a remark during cross-examination by defense counsel which alluded to a prior instance where he had heard defendant testify. Defendant objected and moved to strike the comment from the record. The court sustained the objection and instructed the jury to disregard the comment. Once the State rested its case, defendant moved for a mistrial, and the court denied the motion.

On 5 June 2013, the jury returned a guilty verdict. At sentencing, the trial court found no grossly aggravating, aggravating, or mitigating factors and sentenced defendant to Level Four punishment. Defendant appeals.

_____

On appeal, defendant argues the trial court erred by failing to order her appointed counsel to abide by her wishes regarding trial tactics and denying defendant's request for the appointment of substitute counsel. We disagree.

A trial court's denial of a defendant's request for the appointment of substitute counsel will not be disturbed on appeal absent an abuse of discretion. *State v. Sweezy*, 291 N.C. 366, 372, 230 S.E.2d 524, 529 (1976). Both the Sixth Amendment

to the United States Constitution and the North Carolina Constitution guarantee an indigent defendant the right to appointed counsel in a criminal prosecution. *State v. Taylor*, 155 N.C. App. 251, 254, 574 S.E.2d 58, 61-62 (2002), *cert. denied*, 357 N.C. 65, 579 S.E.2d 572 (2003). The right to appointed counsel, however, does not include the "right to replace appointed counsel merely because the defendant is dissatisfied with the present attorney's work or because of a disagreement over trial tactics." *State v. Prevatte*, 356 N.C. 178, 216, 570 S.E.2d 440, 461 (2002), *cert. denied*, 538 U.S. 986, 155 L. Ed. 2d 681 (2003).

A trial court must appoint substitute counsel "whenever representation by counsel originally appointed would amount to denial of defendant's right to effective assistance of counsel." *State v. Thacker*, 301 N.C. 348, 352, 271 S.E.2d 252, 255 (1980). "[T]actical decisions—such as which witnesses to call, which motions to make, and how to conduct cross-examination—normally lie within the attorney's province." *State v. Brown*, 339 N.C. 426, 434, 451 S.E.2d 181, 187 (1994), *cert. denied*, 516 U.S. 825, 133 L. Ed. 2d 46 (1995). Only when a "fully informed" defendant and his or her counsel reach an "absolute impasse" as to such tactical decisions, must the defendant's wishes control. *State v. Ali*, 329 N.C. 394, 404, 407 S.E.2d 183, 189 (1991).

Nonetheless, "a disagreement over trial tactics generally does not render the assistance of the original counsel ineffective." *Thacker*, 301 N.C. at 352, 271 S.E.2d at 255. Denial of a defendant's request to appoint substitute counsel is therefore proper, "when it appears to the trial court that the original counsel is reasonably competent to present defendant's case and the nature of the conflict between defendant and counsel is not such as would render counsel incompetent or ineffective to represent *that* defendant." *Id.*

In this case, defendant expressed to the trial court her dissatisfaction with her counsel's failure to file pretrial motions and asked the court to either order counsel to provide effective assistance or appoint substitute counsel. Defendant asserts that because her counsel's failure to file pretrial motions constituted an absolute impasse between defendant and her counsel as to trial tactics, the court erred by failing to instruct counsel to abide by defendant's wishes. Defendant further contends that her counsel's failure to file pretrial motions also gave the court reason to doubt counsel's competency as an advocate, and thus, the court improperly denied defendant's request for the appointment of substitute counsel.

Defendant and her counsel, however, did not reach an absolute impasse as to the filing of pretrial motions. Defense

counsel informed the court that he had spoken with defendant "extensively" the day before and that "[n]one of the issues that have been addressed to the Court came up yesterday." The record, therefore, discloses no indication of any discussion, much less an absolute impasse between defendant and her counsel concerning the filing of pretrial motions. Because defendant and her counsel did not reach an absolute impasse as to trial tactics, the court was not required to order counsel to abide by defendant's wishes.

Moreover, defendant's statements to the court merely showed her dissatisfaction with her appointed counsel and a disagreement over trial tactics and, thus, did not warrant the appointment of substitute counsel. *See Prevatte*, 356 N.C. at 216, 570 S.E.2d at 461. While defendant may have disagreed with her counsel over trial tactics and there may have been some communication problem between them, the record before us reveals no reason for the court to have doubted defense counsel's competency as an advocate. We therefore conclude that the trial court's denial of defendant's request for the appointment of substitute counsel was proper.

Defendant further argues the trial court erred by ruling that defendant was not entitled to file new pretrial motions after the motions had been ruled upon in the previous trial and

denying defendant's motion to continue the trial in order to file new pretrial motions. We agree that defendant, in fact, was entitled to file new pretrial motions because a mistrial had been declared in the previous trial. *See State v. Harris*, 198 N.C. App. 371, 376, 679 S.E.2d 464, 468 ("When a defendant's trial results in a hung jury and a new trial is ordered, the new trial is '[a] trial *de novo*, unaffected by rulings made therein during the [original] trial.'" (alteration in original) (quoting *Burchette v. Lynch*, 139 N.C. App. 756, 760, 535 S.E.2d 77, 80 (2000))), *disc. review denied*, 363 N.C. 585, 683 S.E.2d 211 (2009). However, because defendant was represented by counsel, she was not allowed to represent herself or file motions on her own behalf. *See State v. Grooms*, 353 N.C. 50, 61, 540 S.E.2d 713, 721 (2000) ("Having elected for representation by appointed defense counsel, defendant cannot also file motions on his own behalf or attempt to represent himself. Defendant has no right to appear both by himself and by counsel."), *cert. denied*, 534 U.S. 838, 151 L. Ed. 2d 54 (2001). The trial court, therefore, did not err by denying defendant's *pro se* motion for a continuance.

Defendant next contends the trial court erred by denying defendant's motion for mistrial in response to a remark made by Sergeant Russell during the following exchange between defense

counsel and Sergeant Russell on cross-examination:

> [DEFENSE COUNSEL]: And you'd have no knowledge of how she speaks?
>
> [SERGEANT RUSSELL]: That's correct.
>
> [DEFENSE COUNSEL]: Now, the shoulder of the road you stated is flat and level.
>
> [SERGEANT RUSSELL]: That's correct. Now, I can say that since that time I have heard her testify, and when I heard her testify, her speech was not slurred as it was on this night.
>
> [DEFENSE COUNSEL]: I believe I'm going to move that that [sic] be struck, that response be struck from the record.
>
> THE COURT: All right. Sustained. Ladies and gentlemen, disregard that last comment by the witness.

Defendant moved for a mistrial based on Sergeant Russell's allusion to a prior instance where he had heard defendant testify. The court denied the motion, stating that the jury had been instructed to disregard the comment. Defendant argues Sergeant Russell's comment was prejudicial to defendant's case and, as a result, a mistrial should have been granted. We disagree.

We review a trial court's denial of a defendant's motion for mistrial for abuse of discretion. *State v. Bonney*, 329 N.C. 61, 73, 405 S.E.2d 145, 152 (1991). "A trial court should grant a defendant's motion for mistrial only when there are

improprieties in the trial so fundamental that they substantially and irreparably prejudice the defendant's case, making it impossible for the defendant to receive a fair and impartial verdict." *State v. Diehl*, 147 N.C. App. 646, 650, 557 S.E.2d 152, 155 (2001), *cert. denied*, 356 N.C. 170, 568 S.E.2d 624 (2002). "Where a trial court sustains a defendant's objection to the answer of a witness, strikes same, and instructs the jury not to consider it, the jury is presumed to have heeded the instruction and any prejudice is removed." *State v. Gregory*, 37 N.C. App. 693, 697, 247 S.E.2d 19, 22 (1978). As a result, when a trial court sustains an objection and instructs the jury to disregard the testimony, the court's denial of a defendant's motion for mistrial ordinarily does not constitute an abuse of discretion. *State v. Hogan*, 321 N.C. 719, 722–23, 365 S.E.2d 289, 290–91 (1988).

Sergeant Russell's remark about the prior instance where he had heard defendant testify was brief, oblique, and immediately addressed by the trial court. The court sustained defendant's objection and specifically directed the jury to disregard the testimony. Moreover, at the outset of the trial, the court instructed the jury that "[i]f by chance the witness answers the question before or at the same instant the objection is made and I sustain the objection, do not consider the witness's answer to

the question. Disregard the answer and strike it from your mind." These general instructions, alone, were sufficient to cure any prejudice to defendant's case resulting from Sergeant Russell's testimony. *See State v. Vines*, 105 N.C. App. 147, 153, 412 S.E.2d 156, 160-61 (1992). We therefore conclude that the trial court did not abuse its discretion in denying defendant's motion for mistrial.

Finally, defendant argues the trial court erred during sentencing by failing to find that defendant had a safe driving record as a mitigating factor pursuant to N.C.G.S. § 20-179(e)(4). We disagree.

Pursuant to N.C.G.S. § 20-179, the trial court must conduct a sentencing hearing to determine whether any statutorily enumerated aggravating or mitigating factors affect a defendant's sentence following a conviction for impaired driving. N.C. Gen. Stat. § 20-179(a) (2013). While the State must present the defendant's driving record to the court for consideration during the sentencing hearing, the defendant "bears the burden of proving by a preponderance of the evidence that a mitigating factor exists." *Id.* Our review of the record reveals that defendant failed to argue the safe driving record mitigating factor at the sentencing hearing. Rather, defendant only alleged that defendant's driving was otherwise safe and

lawful at the time of the offense, which is an unrelated mitigating factor set forth under N.C.G.S. § 20-179(e)(3). Because defendant did not meet her statutory burden of proving the safe driving record mitigating factor, the trial court committed no error in failing to find this mitigating factor.

No Error.

Judges ELMORE and HUNTER, JR. concur.

Report per Rule 30(e).