IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-500

 Filed: 18 February 2020

Wake County, No. 15CRS222097

STATE OF NORTH CAROLINA

 v.

JAMAR MEXIA DAVIS, Defendant.

 Appeal by Defendant from judgment entered 7 November 2018 by Judge A.

Graham Shirley in Wake County Superior Court. Heard in the Court of Appeals 13

November 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Terence D.
 Friedman, for the State-Appellee.

 Office of the Appellate Defender, by Assistant Appellate Defender Amanda S.
 Hitchcock, for the Defendant-Appellant.

 COLLINS, Judge.

 Defendant appeals from judgment for felony habitual driving while impaired,

entered after a jury found Defendant guilty of misdemeanor driving while impaired,

and Defendant stipulated to having been convicted of three prior offenses involving

impaired driving. Defendant argues that the trial court erred when it refused to give

a limiting jury instruction concerning Defendant’s prior convictions and asks this

Court to review sealed personnel records to determine whether the trial court failed
 STATE V. DAVIS

 Opinion of the Court

to provide him with information material and favorable to his defense. We discern

no error.

 I. Background

 On 4 October 2015, Defendant Jamar Mexia Davis was arrested for driving

while impaired (“DWI”). On 15 December 2015, a grand jury indicted Defendant for

misdemeanor driving while impaired, felony habitual driving while impaired, driving

while license revoked, and transporting an open container of an alcoholic beverage

after consuming alcohol.

 On 10 May 2016, prior to a trial on all the charges (“first trial”), Defendant

filed a motion to release personnel records, seeking the release and in camera review

of the arresting officers’ personnel records to determine whether they contained any

impeachment evidence. The State did not object to Defendant’s motion. That same

day, the trial court entered an order compelling the production of the personnel

records for in camera review. On 9 June 2016, the trial court entered an order

denying release of the personnel records (“Order Denying Release”) because, after

reviewing the records in camera, the trial court determined the records did not

contain material that was “favorable and material” to Defendant. The trial court

ordered that the records not be disclosed and ordered them to remain under seal.

 On 15 August 2016, Defendant’s case came on for trial in superior court. The

jury found Defendant guilty of driving while license revoked and transporting an open

 -2-
 STATE V. DAVIS

 Opinion of the Court

container of alcohol. The trial court declared a mistrial on the charges of

misdemeanor DWI and felony habitual DWI after concluding the jury was “hopelessly

deadlocked.”

 Defendant appealed the Order Denying Release and his convictions for driving

while license revoked and transporting an open container of alcohol to this Court. On

6 March 2018, this Court found no merit in Defendant’s appeal of the Order Denying

Release and affirmed his convictions. State v. Davis, COA17-615, 2017 WL 3222366,

at *11 (N.C. Ct. App. Mar. 6, 2018) (unpublished).

 On 5 November 2018, Defendant was retried on the charges of misdemeanor

DWI and felony habitual DWI (“second trial”). On 6 November 2018, the jury found

Defendant guilty of misdemeanor DWI. Defendant stipulated to attaining three prior

DWI convictions within the past 10 years. The trial court arrested judgment on the

misdemeanor DWI conviction and entered judgment and commitment on the felony

habitual driving while impaired, and sentenced Defendant to an active term of 19 to

32 months’ imprisonment. From entry of this judgment, Defendant gave notice of

appeal in open court.

 II. Discussion

 Defendant (1) argues that the trial court reversibly erred by refusing his

request to give a limiting instruction to the jury that evidence of Defendant’s prior

convictions be used for purposes of truthfulness only and (2) asks this Court to review

 -3-
 STATE V. DAVIS

 Opinion of the Court

the sealed personnel records to determine if the trial court, after its in camera review,

failed to provide him with information material and favorable to his defense.

1. Refusal to Give Limiting Instruction

 Preservation of Argument for Appellate Review

 As a preliminary matter, we first address the State’s contention that

Defendant failed to preserve this issue for appellate review because he failed “to

object on any relevant grounds during [his] own testimony about his prior convictions

. . . .” However, the State mischaracterizes Defendant’s argument on appeal.

Defendant does not argue that the testimonial evidence of his prior convictions was

improperly admitted, but instead argues that the trial court erred by refusing his

request to give a limiting instruction to the jury regarding his prior convictions.

 At the charge conference, Defendant requested the trial court give North

Carolina Pattern Jury Instruction 105.40 in its pattern form. The trial court refused

to give the instruction in its entirety. Defendant objected and the trial court noted

his objection. Defendant’s request and objection were made “before the jury retire[d]

to consider its verdict, [and] stat[ed] distinctly that to which objection [was] made

and the grounds of the objection . . . .” N.C. R. App. P. 10(a)(1)(2). The issue of

whether the trial court erred in refusing Defendant’s request for a limiting

instruction is thus preserved for this Court’s review.

 Analysis

 -4-
 STATE V. DAVIS

 Opinion of the Court

 Defendant argues that the trial court erred by failing to instruct the jury

regarding North Carolina Pattern Jury Instruction 105.40, “Impeachment of the

Defendant as a Witness by Proof of Unrelated Crime.” This instruction reads:

 Evidence has been received concerning prior criminal
 convictions of the defendant. You may consider this
 evidence for one purpose only. If, considering the nature of
 the crime(s), you believe that this bears on the defendant’s
 truthfulness, then you may consider it, and all other facts
 and circumstances bearing upon the defendant’s
 truthfulness, in deciding whether you will believe the
 defendant’s testimony at this trial. A prior conviction is
 not evidence of the defendant’s guilt in this case. You may
 not convict the defendant on the present charge(s) because
 of something the defendant may have done in the past.

N.C.P.I.—Crim. 105.40 (2018).

 “Whether a jury instruction correctly explains the law is a question of law . . . .”

State v. Barron, 202 N.C. App. 686, 694, 690 S.E.2d 22, 29 (2010). Questions of law

“regarding jury instructions are reviewed de novo by this Court.” State v. Osorio, 196

N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009).

 “A limiting instruction is required only when evidence of a prior conviction is

elicited on cross-examination of a defendant and the defendant requests the

instruction.” State v. Gardner, 68 N.C. App. 515, 522, 316 S.E.2d 131, 134 (1984),

aff’d, 315 N.C. 444, 340 S.E.2d 701 (1986) (citations omitted). Where evidence of prior

convictions is elicited “as part of defendant’s defense . . . , the trial judge [is] not

required to give a limiting instruction.” Id. at 521-22, 316 S.E.2d at 134 (“[D]efendant

 -5-
 STATE V. DAVIS

 Opinion of the Court

testified on direct examination that he had been convicted of common law robbery in

1980 . . . . Since evidence of this prior crime was elicited as part of defendant’s defense

and . . . was . . . for the purpose of clarifying an issue raised by defendant, the trial

judge was not required to give a limiting instruction.”).

 In State v. Jackson, 161 N.C. App. 118, 588 S.E.2d 11 (2003), defendant was

not entitled to a special instruction limiting consideration of his testimony regarding

his prior conviction to his “truthfulness” where defendant “initially offered this

testimony on direct examination[.]” Id. at 124, 588 S.E.2d at 16.

 The record show[ed] that defendant Jackson took the stand
 and voluntarily testified upon direct examination
 concerning his prior crimes and convictions. Defendant
 Jackson’s counsel asked the questions that elicited his
 responses. Defendant Jackson was not impeached on these
 prior crimes and convictions. He voluntarily admitted
 them, presumably to remove the sting before the State
 impeached him.

Id. at 124, 588 S.E.2d at 15-16.

 Here, as in Gardner and Jackson, Defendant took the stand and testified upon

direct examination concerning his prior convictions as follows:

 [Defendant’s Attorney]: Who was driving?
 ....
 [Defendant]: Nick was driving the whole time. See, I don’t
 drive because, honestly, I have priors.
 ....
 [Defendant’s Attorney]: Why [were you in the driver’s
 seat]?

 -6-
 STATE V. DAVIS

 Opinion of the Court

[Defendant]: Because I thought about driving, but I teach
kids now and it’s very important that one of the things we
talk about is making the right decision. And for me, it’s the
wrong decision to drive at any point in my life right now,
especially after consuming any amount of alcohol.
....
[Defendant’s Attorney]: All right. Where -- why -- when
the police arrived, you seemed a bit disoriented. What was
causing that?
[Defendant]: Well, I had made the decision long before
Officer Simon came not to go anywhere, to make
arrangements to get picked up. I know better at this point
in my life. So decision had been made not to drive. Period.
And so I sat in the car. I wasn’t -- it was a rain storm. And
I was making arrangements for a friend to come -- I don’t
have Uber -- called Darnell. He wasn’t answering the
phone. I was talking on the phone to a previous friend, but
she lives in Chicago. But I fell asleep making
arrangements to get picked up some kind of way.
....
[Defendant’s Attorney]: Well, at the back of the car, the
video shows you at some point leaning against the car.
Why did you do that?
[Defendant]: Well, I was out there for a while talking to the
officers. I understand that when they approached me,
what it looks like. And I also understand that in my past
experiences with -- with who I am and my background, my
experience with law enforcement is different. Maybe -- I
don’t know how many people can relate, but it’s very
different, which is why I took the stand to tell you guys I
didn’t answer too many questions, because they have a
tendency to misspeak as they call it. Not anything against
the officers. I can’t really explain why that is. But I don’t
hold any ill will towards the officer. And I would hope that
he doesn’t have any ill will towards me. But I took the
stand to let you guys know that the truth is that I made the
right decision that night not to go anywhere. And it’s
through my experiences that I have had with law

 -7-
 STATE V. DAVIS

 Opinion of the Court

 enforcement that I did not want to talk to the officers about
 that.
 ....
 [Defendant]: I will let the jury know that I am before you
 today in the presence of a higher server speaking the
 honest truth, and I had made the decision not to drive that
 night. Absolutely. Unequivocally. And that’s what you
 found me in a deep sleep with -- you know, sometimes I
 might drool depending on how tired I am. I’m a man with
 -- I’m not perfect. And I want you to know that I do have
 prior DUI convictions. I have driven without a license
 before. I have another charge of sneaking into a movie
 theater, it’s called defrauding [an] innkeeper.
 ....
 [Defendant]: This is relevant because I want to know -- I
 want you guys to know that I have been very truthful. . . .

 Defendant’s counsel asked the questions that elicited Defendant’s responses.

Defendant voluntarily admitted to his prior convictions, using them as a basis to

explain why he did not drive on the night in question and why he refused to answer

the officers’ questions. On appeal, Defendant specifically asserts that he offered this

testimony at trial as an “important defense strategy of preempting a damaging cross-

examination[.]” Accordingly, Defendant was not entitled to the North Carolina

Pattern Jury Instruction 105.40 limiting consideration of his testimony regarding his

prior DWI convictions to his “truthfulness[.]” Gardner, 68 N.C. App. at 521-22, 316

S.E.2d at 134; Jackson, 161 N.C. App. at 124, 588 S.E.2d at 15.

 On cross-examination, the State asked Defendant:

 [State]: Well, can you tell the Court what have you been
 convicted of in the last ten years, felonies or Class 1 or 2

 -8-
 STATE V. DAVIS

 Opinion of the Court

misdemeanor or A-1 misdemeanor, that carries a
maximum punishment of 60 days or more.
[Defendant]: Can I tell the Court what?
[State]: Can you tell the Court what your convictions are in
the past ten years that carry a maximum punishment of 60
days or more?
[Defendant]: If you know them, you can show the Court.
[State]: So were you convicted of driving while impaired,
level 5, on September 7, 2006, in New Hanover County?
[Defendant]: Yes.
[State]: Were you convicted of defrauding an innkeeper on
September 11, 2006, in Durham?
[Defendant]: I’m not aware of that charge.
[State]: And driving while license revoked, failing to stop –
driving while license revoked, September 12, 2006, in
Orange County?
[Defendant]: Yes. You can read everything, which has led
to this present point of me making good decisions at this
point in my life.
[State]: And driving while license revoked on May 1, 2007,
in Durham?
[Defendant]: 2007.
[State]: And obtaining a driver’s license by fraud on July
17, 2008, New Hanover?
[Defendant]: Yes.
[State]: Driving while license revoked, December 8, 2009,
in Durham?
[Defendant]: You can just read everything, and I’ll agree to
anything that you read as far as my previous history. I’m
not afraid of my past. I have learned from my past.
[State]: And driving while license revoked April 13, 2010,
in Sampson County?
[Defendant]: (No audible response.)

 -9-
 STATE V. DAVIS

 Opinion of the Court

 [State]: Do you admit you were convicted of that?
 [Defendant]: Yes, I admit it.
 [State]: And driving while license revoked, May 3, 2013, in
 Wake County?
 [Defendant]: Yes, I admit it.
 [State]: And driving while license revoked -- excuse me.
 Driving while impaired, July 18, 2015, in Wake County?
 [Defendant]: Yes.
 [State]: And driving while impaired on April 13, 2010, in
 Sampson County?
 [Defendant]: Yes.
 [State]: And you admit to all those prior convictions in the
 past ten years?
 [Defendant]: Absolutely.

 This exchange confirmed what Defendant had earlier stated on direct

examination: “I have priors” and “I do have prior DUI convictions. I have driven

without a license before. I have another charge of sneaking into a movie theater, it’s

called defrauding [an] innkeeper.” The State’s cross-examination of Defendant

pertained to the convictions to which Defendant had previously voluntarily admitted,

clarified the dates of the offenses, and was the only time that the State questioned

Defendant about his prior convictions; this limited line of questioning was not

impeachment. See State v. Marslender, 222 N.C. App. 318, 2012 WL 3192640 (2012)

(unpublished) (determining that the questions posed on cross examination, clarifying

the nature of the defendant’s prior convictions, “was the only time the State

questioned [d]efendant about his prior convictions and, . . . we do not construe that

 - 10 -
 STATE V. DAVIS

 Opinion of the Court

line of questioning as impeachment”); see also State v. Nelson, 298 N.C. 573, 598, 260

S.E.2d 629, 647 (1979) (evidence which aids in “clarify[ing] an uncertainty which [the

defendant] had already admitted” is not impeachment). As the State’s clarification

of Defendant’s prior convictions did not constitute impeachment, Defendant was not

entitled to a limiting instruction.

 Defendant argues that this Court’s decision in Jackson required Defendant to

make an unfair choice because it forces “defendants to choose between the common

strategy of mitigating a damaging cross-examination about prior convictions and

preserving their right to ask that the evidence of those convictions be limited to its

only permissible purpose.” Defendant thus argues, “that decision should be

overruled.” We are bound by Jackson, and Defendant’s argument that Jackson

should be overruled is misplaced before this Court. See In re Civil Penalty, 324 N.C.

373, 384, 379 S.E.2d 30, 37 (1989) (“Where a panel of the Court of Appeals has decided

the same issue, albeit in a different case, a subsequent panel of the same court is

bound by that precedent, unless it has been overturned by a higher court.”).

2. Review of Sealed Records

 Defendant next asks this Court “to review the sealed records in this case to

determine if the trial court, after its in camera review, failed to provide him with

information material and favorable to his defense.”

 Preservation of Argument for Appellate Review

 - 11 -
 STATE V. DAVIS

 Opinion of the Court

 The State argues that Defendant failed to preserve this issue for appellate

review because Defendant, in his second trial, failed to move the trial court to review

the officers’ personnel records. Thus, we must first determine whether this issue is

properly before this Court.

 A mistrial has the legal effect of “no trial.” State v. Harris, 198 N.C. App. 371,

376, 679 S.E.2d 464, 468 (2009). Thus, when a defendant’s trial results in a hung

jury and a new trial is ordered, the new trial is an entirely separate legal affair from

the original trial, unaffected by the parties’ requests, objections, and motions, and the

trial court’s rulings made therein during the original trial. State v. Macon, 227 N.C.

App. 152, 156, 741 S.E.2d 688, 690 (2013); see State v. Shepherd, 796 S.E.2d 537, 538

(N.C. Ct. App. 2017) (unpublished) (determining that the defendant failed to preserve

an issue for appeal where defendant filed a motion to compel prior to his first trial

which ended in mistrial, did not renew the motion after the mistrial, and did not

object at trial). Accordingly, a defendant may not rely upon a motion made at an

original trial to preserve issues for appeal following his conviction in a subsequent

trial.

 Defendant filed a motion to release the officers’ personnel records prior to the

first trial; the first trial ended in a mistrial on the charges of misdemeanor DWI and

felony habitual DWI. There is no record evidence in this appeal that Defendant made

any request or motion asking the trial court to review the officers’ personnel records

 - 12 -
 STATE V. DAVIS

 Opinion of the Court

prior to the second trial. Moreover, Defendant does not claim or argue on appeal that

he moved the trial court prior to his second trial to review the records or that he

requested a review of the records at his second trial. Thus, the motion to release

made prior to his first trial had no effect in the second trial. Shepherd, 796 S.E.2d at

538. As Defendant made no timely request or motion of the trial court, he has failed

to preserve this issue for our review. N.C. R. App. P. 10(a)(1).

 III. Conclusion

 As Defendant offered evidence of his prior convictions on direct examination as

part of his defense, Defendant’s credibility was not impeached and thus the requested

instruction was not warranted. Therefore, the trial court did not err when it denied

Defendant’s request for a jury instruction limiting the testimony to his truthfulness.

Moreover, because Defendant made no motion to release prior to his second trial and

did not request review at his second trial, he failed to preserve the issue on appeal.

 NO ERROR.

 Judges TYSON and YOUNG concur.

 - 13 -